E. A. GAUSE AND ANOTHER V. F. G. EDMINSTON.

1. By the act of May 19, 1871 (General Laws, p. 108), a party litigant may testify in his own behalf in all cases except actions against executors, administrators or guardians ; or he may be called to the witness stand by the opposite party.  *Held*, that when the party thus becomes or is made a witness, he is not entitled to witness fees.

2. A witness's affidavit, for the purpose of proving the costs to which he is entitled, should fully state the number of days he has attended, and the number of miles for which he is entitled to charge.

3. A district clerk's certificate of the attendance of a witness is only *prima facie* evidence against the party chargeable with the witness's cost ; and the acts of the clerk in this and all other respects, are subject to be inspected and corrected by the court.

APPEAL from Houston.    Tried below before the Hon. L. W. Cooper.

The opinion of the court clearly states all material facts.

*D. A. Nunn*, for the appellant.—1. We submit that the court erred in allowing witness money to the plaintiff below, though he had been subpœnaed by the de-

fendant; and for the reason, that the statute which authorized the litigant to place his adversary on the stand, and have him give evidence orally in open court, only enlarged an equitable remedy previously existing, whereby he could have been compelled to appear and answer interrogatories propounded in writing, for which it is not believed he was ever entitled to pay from his opponent in the suit.

The party has his election, under our statute, to put his adversary on the stand, or to have him answer written interrogatories; and by so doing, it is submitted that he does not change the character of the litigant so as to allow him to speculate upon the misfortune of his opponent, who is reduced to the hard and generally dangerous undertaking of proving, by the one holding an opposing interest in the suit, the facts so essential to be known, and yet so difficult to be discovered. We think this mode of examining an opposing party was introduced as a substitute for the old mode, at the option of the party, and for the purpose of furthering the ends of justice by subjecting the party to a close examination in open court. And it is not conceived that he can set up a claim for witness money, which is based on the very idea that the witness has no interest in the suit, and is forced to neglect his private business to attend on the wants of others, and of course should be compensated. The party in this instance is but attending to his own business, and in obeying the subpœna he but discharges a duty that is mutually binding upon him and the opposing litigant, to disclose, when required, all facts within his knowledge that will throw light upon, and materially affect the case to be tried. This is more the discharge of duty as a party litigant, under the rules of law, than as a disinterested witness, or in any proper sense a witness at all. Then we think the

court erred in allowing witness money to plaintiff Edminston. The practical effect of this is, that Edminston seeks, and the court below grants him, compensation for his time in attending court in a cause that he himself brought, and in which he is interested, and this at the expense of his adversary; all for the reason that his adversary has been reduced to the disagreeable necessity of putting him on the stand.

2. We submit, that the certificate of Mark Miller as witness is defective, and does not constitute the proof required by the statute. It does not specify the number of days attended, but states the aggregate amount of what he claims.

It is believed that the affidavit required of a witness, who desires to prove his attendance in order to obtain compensation, should be to facts; for instance, the particular number of days attended; and not a gross amount claimed, which is a conclusion of law upon the fact, and not the fact itself. This loose method of witnesses proving up their attendance should not be tolerated, as it opens the door to the practice of fraud, and scarcely admits of any chance of a prosecution for perjury. In other words, it cannot be contended that the affidavit of the witness to his claim for mileage and *per diem* is made, unless the number of miles traveled, and the specific number of days attended, are distinctly stated as facts. It would seem that an affidavit that failed to state this would not meet the requirements of the statute. Again, a different construction would subject litigants to every species of imposition, from not only their own witnesses, but also those of their adversary. The party usually has no notice of the claim of the witness till it appears by execution. This is usually some time after, and in very many, and perhaps the greater number of instances long after the cause is dis-

posed of in the district court. The certificate shows that the witness claimed so much, but does not show the facts upon which such a claim rests. The witness may have been honestly mistaken as to the amount of money to which he was entitled; or he might have been misdirected by inconsiderate advice; or he may have adopted this loose and indefinite form of expression the better to conceal the fraud which he means to perpetrate.

No brief for the appellee.

WALKER, J.—The question presented on this record would at first sight appear almost to fall within the maxim *de minimis;* but upon examination of the questions presented, their importance is greatly augmented.

It is an appeal from the judgment of the District Court of Houston county, on a motion to re-tax the costs in a cause appealed from a justice's court, and tried in the district court, wherein the parties to this appeal were litigants.

We are asked to put a construction upon the act of May 19, 1871. (Gen. Laws, page 108.) The first section of this act authorizes the parties in interest to testify in civil actions. By section second of the act, certain exceptional cases are stated. A party to an action may volunteer his evidence on his own behalf, in all cases except in actions by or against executors, administrators, or guardians; or he may be called to the stand by the opposite party.

The Legislature has been silent touching the subject of fees, which might or might not be allowed to such witnesses, and there is nothing in the statute itself upon which we would be authorized to place a construction; but we are disposed to some extent to adopt the view

presented by appellant's counsel, which regards the statute as but enlarging a remedy long known to the equity jurisdiction of this court, and making it apply to suits at law.

Where the party adopts the mode of filing written interrogatories for his adversary to answer, under oath, although these interrogatories may be regarded as part of the pleadings, yet the party filing the interrogatories makes him who is to answer them his witness; and as such, we are not aware that it has been the practice in any of the courts of the country to allow witness fees. If the party interrogated as a witness is called into court by the opposite party, he is only complying with a necessity which the law has imposed upon him as a litigant; if he volunteer his evidence in his own behalf, he is only availing himself of a privilege which the Legislature has conferred upon him, and we do not think that he should in any case be paid because he has seen proper to exercise this privilege.

It is complained that the court erred in permitting a witness, Mark Miller, to receive fees, upon an affidavit presented to the clerk which does not specify the number of days he was in attendance upon the court, or the number of miles he had traveled in going to and from his place of residence to the court house. The affidavit simply sets out a gross sum, to which the witness swears he is entitled for attendance upon the court. Article 3724, Paschal's Digest, by which the matter of fees and expenses of witnesses is regulated, does not specify the necessary averments of the affidavit to be made by the witness.

But, upon well settled principles of law, we hold that the affidavit should fully state the facts upon which the witness predicates his claim for fees and expenses. The clerk was but a ministerial officer of the court, yet our

statute imposes upon him a judicial act in determining the sufficiency of the affidavit upon which he issues his certificate. In Crawford v. Crain (19 Texas R., 146), the court say: "The certificate of a clerk of the attendance of a witness is *prima facie* evidence, in a suit by the witness against the party at whose instance he was subpœnaed, to recover his fees." But certainly it cannot be maintained that the court cannot go behind the clerk's certificate to determine the sufficiency of the affidavit made by the witness. All the acts of the clerk, in any proceedings had before the court, are open to inspection and correction (if necessary) by the judge.

For the reasons stated in this opinion, the judgment of the district court is reversed and the cause remanded, to be proceeded in in accordance with this opinion.

REVERSED AND REMANDED.