## TEXAS MIDLAND RAILROAD v. S. H. PARKER.

### Decided January 18, 1902.

**1.—Costs—Clerk of Court—Filing Papers.**

Under the article of the statute providing that the clerk of a court shall not be entitled to any fee for filing any process or paper issued by him, he is not entitled to charge for filing subpoenas and citations which he has issued. Rev. Stats., arts. 2494.

**2.—Same—Affidavit of Witness' Attendance.**

But the clerk may charge for filing affidavits of witnesses attendance, since these are not to be considered as issued by him within the meaning of the statute.

**3.—Return of Citation.**

As the law does not require the return on a citation to be recorded, the clerk is not entitled to charge a fee therefor under Revised Statutes, article 2453.

**4.—Same—Attendance of Witnesses.**

For his action in taking a witness' affidavit of attendance and issuing him a certificate thereof the clerk is entitled to make only a single charge of 50 cents, which should be taxed as costs, and the witness not held responsible therefor. Rev. Stats., art. 2268.

**5.—Same—Wife of Party as Witness.**

A party to a suit is not entitled to pay for attendance as a witness, nor is his wife, although the suit involves his separate property, since she is interested in the result.

Appeal from Hunt. Tried below before Hon. H. C. Connor.

*A. H. Dashiell,* for appellant.

*Chas. W. Ogden,* for appellee.

RAINEY, CHIEF JUSTICE.—This is an appeal by appellant from a judgment of the District Court overruling a motion to retax costs.

1. Complaint is made of the clerk taxing as costs the filing of six subpoenas, one citation, and eighteen affidavits of witnesses' attendance. The court found that all these papers were issued by the clerk in this case. The statute, article 2494, provides that, "No clerk * * * shall be entitled to any fee for filing any process or paper issued by him and returned into his court." This provision, we think, precludes the right of the clerk to charge for filing papers issued by him. The affidavit of witnesses as to attendance can not be considered as being issued by the clerk, and he is entitled to charge for filing same.

2. Complaint is made of the item of 50 cents charged by the clerk for recording the return on the citation. The statute, article 2453, only allows fees for "recording returns on any writ when such return is required by law to be recorded." There is no law requiring the return of citation to be recorded. Hence this charge is erroneous.

3. The clerk charged for taking the affidavits of witnesses, and in addition thereto, for issuing certificates of attendance. The statute, article 2268, provides for the clerk giving a certificate on the affidavit of a wit-

ness as to attendance, but in our opinion only one fee should be charged. The taking of the affidavit of a witness and giving the certificate should be considered as one act and a separate charge for each should not be made, but a charge only for the two combined; that is, the clerk is only entitled to 50 cents for taking the affidavit of a witness and giving the certificate of attendance. This charge comes under the item in the schedule of fees, which allows 50 cents for "administering an oath, or affirmation, with certificate and seal." This fee should be taxed as costs and the witnesses not held responsible therefor.

4. A party to a suit is not entitled to pay for attendance as a witness. The wife of a party to a suit, though it involves his separate property, is interested in the result, for, if judgment be rendered against him for costs it would affect the community property to that extent, and she would be considered a party as to its binding effect. Schultze v. McLeary, 78 Texas, 92. The relation of husband and wife is so intimate that whatever affects his interest affects hers, and her attendance should be considered in the same light as his, and it is not the policy of the law that she should receive pay as a witness in such a case.

The judgment is reversed and the cause remanded, with instructions to the District Court to retax the costs in accordance with the views herein expressed.

*Reversed and remanded.*