## THE TAKING OF DEPOSITIONS BEFORE A NOTARY.

[Hamilton County Court of Common Pleas.]

### IN RE HABEAS CORPUS OF JOHN H. QUICK.

Decided, January 7, 1903.

*Demand for Fees—Notice to Witness to Appear—Witness an Opposite Party—Character of Proceedings in Contempt—Verification of Return of Notice.*

1. A notice to take depositions need not state the name of an opposite party as a witness, and it does not lie in the mouth of a witness, although he be a party, to say that the notice is defective.
2. A demand for witness fees must be made at the time the subpœna is served, and if not paid the one served need not appear. If the witness is a party, *quaere.*
3. Actions in contempt are *quasi* criminal, and proceedings thereunder must be strictly construed.
4. The return of a subpœna must be verified, when served by one not an officer.
5. A return can not be corrected after proceedings in contempt are had and an order of commitment has been made.
6. The practice of taking depositions before notaries in the employ of counsel in the case in which the testimony is to be used should be discouraged.

PFLEGER, J.

The petitioner, J. H. Quick, seeks discharge from custody resulting from an order of commitment made by one J. H. Lackner, a notary public, in default of paying a fine of five dollars by reason of petitioner's disobedience with regard to answering a subpœna served on him by one J. J. Acomb, not an officer, who returned service, without verifying such return. The notice to take depositions was for "sundry witnesses" without particularly naming the plaintiff; said notice having been issued by Maxwell & Ramsey, defendant's attorneys, in an action brought by the petitioner. The notary is now claimed to be in the employ of defendant's counsel.

Four points are urged in argument for release of petitioner:

1st. That the notice to take depositions is defective in not specifically naming the plaintiff as a witness.

2d. Because his fees were not paid.

3d. That the subpœna is invalid because improperly returned.

4th.   That the notary is not disinterested.

The mere fact that the notice to take depositions only stated "sundry witnesses," and omitted the other party's name, will not justify such party subpœnaed as a witness, to disobey the notice to appear.   Section 5273 R. S., does not provide that the depositions shall not be used in case the deposition of the *other party* is taken and his name is not mentioned in the notice.   It provides that they shall not be used in his *own behalf* unless the notice specify that his (meaning his own) deposition would be taken. The object of this requirement is to warn the other side of the fact that the important evidence of a party is to be taken, and to afford such side the opportunity to cross-examine.

Nor does it lie in the mouth of the witness, although he be a party, to say that the notice is defective or imperfect, and therefore refuse to obey a subpœna.

It is claimed that a party to a suit is entitled to fees and mileage when he is called as a witness by the other side.   Although it is doubtful whether a party can under the statute demand fees (*Texas* v. *Parker,* 66 S. W., 583) ; if he has such right under Section 5251 R. S., he must demand his per diem fees and mileage when the subpœna is being served upon him; and if the same is not paid upon such demand he is not obliged to appear.   This may be waived by the witness in not demanding the same, and in such event he is compelled to obey the command.   In this case it is admitted that no fees were demanded by the witness at the time he was served.

That a proceeding in habeas corpus is not a criminal proceeding (52 O. S., 259) is foreign to this inquiry.

Proceedings in contempt are in their nature arbitrary and quasi-criminal, affecting personal liberty, and all proceedings thereunder should be strictly construed (*Bank* v. *Becker,* 62 O. S., 289 ; *White* v. *Gates,* 42 O. S., 112) ; and so is an attachment or process against a recusant witness for failure to obey a subpœna (*Goodrich* v. *U. S.,* 42 F. R., 395; *Lezinsky* v. *Superior Court,* 72 Cal., 511). The return must show that all the requirements of the law have been complied with (Vol. 24, Ency. Law, 169).

It is insisted that Section 119 authorizing notaries to compel

the attendance of witnesses and to punish them for disobedience, in the same manner as justices of the peace, limits their powers so to do to the chapter applicable to justices, beginning with Section 6537. Under Section 6538 subpœnas may be served by a constable or any other person; and (6541) "whenever it shall appear to the satisfaction of a justice by proof made before him that any person has been duly served with a subpœna to appear," and "that his testimony is material," and that he refuses to obey, a warrant for his arrest shall be issued, and he shall be punished, if no valid excuse be shown, by a fine not to exceed five dollars. It is claimed that these sections do not require that proof of the service of the subpœna shall be shown by affidavit when served by a person other than a constable, as is found necessary under Section 5246, on the ground that the latter refers to subpœnas issued by clerks of the courts and judges of probate, and not to magistrates or notaries.

Even if this contention were true, it has not been made to appear in this case that the notary found that the petitioner's testimony was "material."

Subdivision II, on the subject of the "Means of securing attendance" of witnesses, begins with Section 5246, and is followed by Section 5248, providing, that when the attendance of a witness before an officer authorized to take depositions is required, the subpœna shall be issued by such officer. These two sections are *in pari materia.* Section 119 compels "sheriffs" to return a subpœna issued by notaries. Section 6537, applicable to justices, directs such writs to be issued to constables or other persons, but not to sheriffs. Section 5246 provides that when a subpœna is not served by a sheriff or constable, proof of service *shall* be shown by affidavit. Under Section 4968 it *must be* verified. A rule may be issued under Section 5253 in case the witness has not been personally served.

In *Decamp* v. *Archibald,* 50 O. S., 624, it was held that Section 119 does not limit the powers of notaries to those of justices, but they are enlarged by Sections 5252, 5253 and 5254, which refer to "officers" "taking depositions," and are, therefore, applicable to notaries. Swan, in his treatise on Justices, 18th Ed., p. 113, refers to Section 5246 as governing officers taking depositions.

It is claimed that *service* is the only essential thing to give the court jurisdiction, and that the affidavit is mere *evidence* in support of the claim of service. True, it is designated as "proof of service," but it places a return when evidenced by affidavit upon the same ground as that of a sheriff without an affidavit, but subsequent to and dependent upon his official oath. Without such affidavit the writ has lost its vitality.

It is a judicial writ, which, if not issued by the proper officer, will not compel a witness to attend (*Horton v. State,* 112 Ga., 27). A mere notice not according to law is no notice at all; and a return by a special deputy in his own name is void (*State v. Huff,* 161 Mo., 459; Mumfree on Sheriffs, Section 843).

A proper return of a subpoena does not affect the validity of a deposition, but does the proceeding against the witness. Without a proper return the officer should not proceed against such witness. If the witness appears, the writ has served its purpose, whether good, or bad. If he does not appear such return is proper proof of service to justify the institution of proceedings in attachment and contempt. An officer can not therefore, proceed in attachment against a witness where the return has not been verified by an unofficial person, and his subsequent proceedings in contempt are without jurisdiction. This is irrespective of the question as to whether or not Acomb's authority should have first been endorsed upon the subpoena, for nothing appears to indicate that he ever was authorized to make service.

After proceedings in contempt were had, and after the application was made to the court in this case, but before the petition in habeas corpus was filed, the notary permitted Mr. Acomb to amend his return by filing an affidavit. A number of authorities are cited to show that the return may be amended, and that it then speaks as of the date of the return.

Section 5114 permits amendment of process either before or after judgment in *furtherance of justice.* Surely it can not be claimed that it would be in furtherance of justice where the rights of personal liberty are involved. In *Berry v. Hovey,* 30 O. S., 349, it was decided that where such amendments interfere with others' rights, that have attached, they can only be made subject to such rights.

The witness has not voluntarily appeared and thus waived this irregularity, but he questions this return after he is attached and has been committed. Perhaps this amendment after notice to the witness may be sufficient to found other proceedings. It can not, however, cure any previous attachment and punishment for contempt.

The disqualification of the notary on the ground that he is an employe of counsel for defendant has not been shown by any proof. Neither is it necessary to decide that question. The practice of taking depositions before a notary in the employ of counsel of one of the parties should not be encouraged.

Writ granted. Petitioner discharged.

*Harrison & Aston,* for petitioner.

*John R. Schindel* and *Joseph Lackner,* for the constable.

---

## THE THREE DISTINCT METHODS OF LEVYING A STREET ASSESSMENT.