## NORTHERN TEXAS TRACTION CO. v. GRIMES.†

(Court of Civil Appeals of Texas. Feb. 4, 1911. Rehearing Denied Feb. 25, 1911.)

COSTS (§ 184*)—WITNESS FEES—RECOVERY.

Minor stepchildren of plaintiff, recovering judgment for negligent injury to his wife, the mother of the children, are entitled to witness fees, taxed as costs against defendant, where they were regularly summoned as witnesses for plaintiff, and attended the trial to testify in the case; the children claiming the fees and transferring them to a third person.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 725; Dec. Dig. § 184.*]

Error from District Court, Dallas County; E. B. Muse, Judge.

Action by G. W. Grimes against the Northern Texas Traction Company. There was a judgment for plaintiff, and from a judgment overruling a motion by defendant to retax costs, it brings error. Affirmed.

Baker, Botts, Parker & Garwood, Spence, Knight, Baker & Harris, and W. H. Walne, for plaintiff in error. W. J. J. Smith, for defendant in error.

BOOKHOUT, J. This suit was instituted by defendant in error against plaintiff in error on April 13, 1906, to recover damages on account of personal injuries alleged to have been sustained by the wife of defendant in error on January 8, 1906. The nature of the claim of defendant in error is fully set up in plaintiff's first amended original petition, filed March 19, 1907, on which trial was had. The defendant answered by general demurrer, special demurrers, and general denial. The case was tried on December 14, 1908, and resulted in a verdict and judgment in favor of the defendant in error in the sum of $200. The plaintiff in error paid the judgment of $200; but, when the cost bill prepared by the clerk was presented, it declined to pay certain items therein, and filed its motion to retax. The court sustained the motion as to the witness fees claimed by the wife of defendant in error, Nannie Grimes, but overruled said motion as to the balance of the items of costs complained of in said motion. Motion to retax was filed August 10, 1909, and by the court overruled on November 5, 1909, to which ruling the plaintiff in error excepted, and perfected this appeal.

The question presented by this appeal is: Were the three witnesses, Bessie Smith, Ettie Smith, and Lettie Smith, who claimed witness fees in the sum of $17.12 each, and who were the minor daughters of Mrs. Nannie Grimes, wife of the plaintiff, and the stepdaughters of the plaintiff, G. W. Grimes, entitled to such fees? Plaintiff in error insists that, these witnesses being minors, they are not entitled to witness fees; that the earnings of a minor child, as a witness or otherwise, are the community property of its parents; that the parent alone is entitled to the earnings of such minor child; that a party to a suit is not entitled to witness fees for himself, and such party cannot tax witness fees for his minor child, who is called as a witness on the trial, because the fees so taxed would belong to the parent, and this would be in a sense allowing witness fees to the party himself. We do not concur in this contention. These witnesses were in no sense parties to the suit. They had been regularly summoned as witnesses, traveled the number of miles stated in their certificates, attended upon the trial, and testified in the case.

In the case of Gause v. Edminston, 35 Tex. 73, cited by appellant, it is held that a party to a suit, who testified either in his own behalf or on being called by his adversary, is not entitled to a witness fee. This decision places the ruling strictly on the ground that he is a party. None of the stepchildren of the defendant in error were in any sense parties or interested in the recovery in this case. The recovery became the community property of Grimes and his wife, to be disposed of as they saw fit, and even could have been bequeathed to strangers, to the entire exclusion of the children. The fact that the parent is entitled to the services of the child is no argument in favor of plaintiff in error. There is nothing in the record to show that the stepfather, who was plaintiff, claimed these fees; but the evidence is to the contrary, that the witnesses claimed them, and the witnesses had transferred them to a third party. Even if the parents had the right to collect the witness fees, there is no good reason advanced by plaintiff in error, and none occurs to us, why the children, wholly disinterested in the result of the suit from a legal standpoint, should not have their fees taxed and paid.

We conclude that the trial court correctly held that these witnesses were entitled to the fees, and the judgment is affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.