Demecio VILLANUEVA, Appellant,

v.

Monico RODRIGUEZ, Appellee.

No. 13112.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 20, 1957.

Rehearing Denied April 3, 1957.

G. Woodson Morris, San Antonio, for appellant.

Frank P. Christian, Eskridge, Groce & Hebdon, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Demecio Villanueva against Monico Rodriguez, seeking to recover damages for injuries sustained by plaintiff when struck by an automobile driven by defendant. The case was tried to a jury and, based upon the answers of the jury, judgment was entered that plaintiff take nothing. From this judgment Demecio Villanueva has prosecuted this appeal.

Appellant's contention is that the court erred in permitting appellee to offer any defense herein, because after being duly summoned to appear before a notary public for the purpose of taking his deposition he failed and refused to appear.

Appellant duly applied for a commission to take the oral deposition of appellee and served notice upon appellee's attorneys of his intention to do so, and also caused a subpoena to issue to appellee, requiring him to appear on August 12, 1955, at 2:00 p.m. for the purpose of giving his oral deposition. Appellee failed to appear and gave as his reason, that he had not been tendered the sum of $1 as a witness fee. This was not a valid reason for not appearing, because a party to the suit is not entitled to witness fees. Gause v. Edminston, 35 Tex. 69; Texas Midland R. Co. v. Parker, 28 Tex.Civ.App. 116, 66 S.W. 583; Altgelt v. Callaghan, Tex.Civ. App., 144 S.W. 1166. It therefore appears that appellee had no good reason for not appearing on August 12, 1955, and giving his deposition, and that under the provisions of Rule 202, Texas Rules of Civil Procedure, he should not have been permitted to offer his defense in the case. Appellant filed a written motion requesting that appellee be denied the right to appear and offer his defense but this motion was overruled by the court. This was error but harmless error. Inasmuch as appellant failed to establish his cause of action, it

became immaterial whether or not appellee offered any defense.

Where a defendant is denied the right to offer his affirmative defense under the provisions of Rule 202, supra, he is not also denied the right to rebut the cause of action of plaintiff. Knox v. Long, 152 Tex. 291, 257 S.W.2d 289. The court should not have submitted issues to the jury with reference to the contributory negligence of the plaintiff, as these were defensive issues and not merely rebuttal issues. However, inasmuch as plaintiff failed to establish negligence on the part of the defendant in the first instance, the submission of the issues relating to contributory negligence became immaterial and harmless. Snowden v. Republic Supply Co., Tex.Civ.App., 239 S.W.2d 201; Knox v. Long, supra.

Appellant next contends that inasmuch as he has alleged several grounds of negligence on the part of defendant, to wit, speed in excess of thirty miles per hour, excessive rate of speed, negligent rate of speed, and turning out of the lane in which he was driving, and further alleged that each one of these acts of negligence was a proximate cause of the collision, the court should have submitted each one of these allegations of negligence separately, and that the court's failure to do so was reversible error. In his motion for new trial appellant did not bring forward any complaint as to the failure of the court to submit an issue as to defendant's turning out of the lane in which he was driving, and therefore this part of the assignment cannot be considered by us. The court did submit to the jury the question as to whether or not appellee was driving his automobile at a greater rate of speed than a person of ordinary prudence would have driven under the same or similar circumstances. This was a fair submission of the controlling issue of excessive speed. Under such circumstances, the cause will not be reversed for failure to submit other and various phases or different shades of the same issue. Rule 279, T.R.C.P.

Appellant's next point is based upon alleged jury misconduct. Three acts of misconduct are asserted, as follows:

1. The jury first decided that appellee should win the case and then proceeded to answer the questions in such a way as to produce this result.

2. Some of the jurors stated that it made no difference how they answered the issues, that appellant would get the money they were preparing to give him.

3. One of the women jurors stated that if they decided the case against appellee he would have to pay the money out of his pocket, and for that reason she would not decide against him.

The third charge of misconduct, even if proved, does not amount to misconduct, because the suit was against the defendant, and a statement that he would have to pay the judgment is a statement of the situation as the jurors should view it.

The other charges of misconduct were not proved. "* * * when the trial court overrules a motion for a new trial after hearing all the evidence on the question of misconduct of the jury, it is the duty of the appellate courts, in the absence of an express finding to the contrary, to presume in support of that ruling, that the trial court in passing upon the evidence of the jurors, as witnesses, gave the same the most favorable construction of which it was susceptible and that no such misconduct occurred." Menefee v. Gulf, C. & S. F. Ry. Co., Tex. Civ.App., 181 S.W.2d 287, 291.

Even if misconduct did occur, it was harmless. The juror Isaac Thomas testified in effect that all of the alleged improper statements were made after the jury had agreed upon a verdict. As he expressed it: "After we had closed our verdict." Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143; City of Amarillo v. Huddleston, 137 Tex. 226, 152 S.W.2d 1088.

Under such circumstances, appellant failed to discharge the burden which was upon him of showing misconduct and prob-

able injury resulting to him by reason of the alleged misconduct of the jury. Rule 327, T.R.C.P.; Trousdale v. Texas & N. O. Ry. Co., 154 Tex. 231, 276 S.W.2d 242.

The judgment is affirmed.