J. M. GREEN, Appellant,

v.

WALGREEN DRUG COMPANY OF TEXAS, Appellee.

No. 6487.

Court of Civil Appeals of Texas.

Beaumont.

May 30, 1963.

Rehearing Denied June 19, 1963.

and fell in one of its drug stores at a time when Mrs. Green was shopping therein. The petition asserted that while Mrs. Green was walking in an aisle she stepped upon "an excessive amount of wax which was on the floor, or other slippery substance", placed there by the Drug Company employees, causing her to fall and be injured. Trial was to a jury and upon its verdict, judgment was rendered for the Drug Company and Green appealed. The parties will be described here as they were in the trial court.

The appeal involves only the correctness of the court's charge. The presently pertinent issues submitted were: (1) Did Mrs. Green sustain personal injuries on May 21, 1958? To which the jury found she did. (2) Did she sustain such injuries when she slipped and fell at defendant's drug store? To which it was found she did. (3) The next issue and its answer were: "Special Issue No. 2–A. Do you find from a preponderance of the evidence that at the time and place that Annie Mae Green slipped and fell, if you have so found, there was a puddle of wax on the floor of defendant's drug store? Answer: We do not."

Plaintiff timely objected to the giving of this issue, and others following based thereon, upon the ground that such issue submits a theory of recovery entirely different from that pled by him. He says that the case was pled and tried on the theory that defendant negligently placed an "excessive amount" of wax on the store floor causing the fall whereas the issue No. 2–A inquired whether the fall was caused by a "puddle of wax".

Plaintiff's wife described the cause of her fall as follows:

"Q. At that time, when you were getting up, did you have an opportunity to observe any condition of the floor?
A. I sure did.

"Q. Tell the jury what you found?
A. Well, I found wax on the floor, it

D. F. Sanders, Beaumont, for appellant.

King, Sharfstein & Rienstra, Beaumont, for appellee.

McNEILL, Justice.

J. M. Green sued Walgreen Drug Company for damages alleging his wife slipped

was kind of damp and it was on my dress. It was there on the floor, a puddle of it, which was not spread real good.

"Q. You say there was a puddle? A. Yes, sir.

"Q. And how large a puddle? A. About six inches in diameter.

"Q. Was it a circular puddle? A. Yes, sir.

"Q. You observed that puddle? A. I certainly did.

"Q. You say it appeared to you to be wax? A. Yes, sir.

"Q. Now what parts of your dress did you have this material on? A. Well, it was on my right side where I had fallen, on up and down my skirt.

"Q. Was it on your dress? A. Yes, sir, even on my hose.

"Q. Was there any evidence that you stepped in that puddle of wax? A. Only what I am telling you what I had on.

"Q. Well, did you have any of it on your shoes? A. Yes, sir.

"Q. Well, how far did your feet slip up in it? A. I can't say exactly how far they skidded but they left skid marks on the floor.

"Q. There were skid marks on the floor? A. Yes, where my heels skidded.

"Q. Were any of those marks in the puddle? A. Yes, sir.

"Q. In other words, they extended out from that puddle to where your shoes were, is that right? A. That's right."

She further testified:

"Q. Did you see any wax on the floor at any other place in the store? A. It was wax—I didn't see any flows of wax, it wasn't like that, the floor was waxed.

"Q. When you say this puddle of wax, after you fell, about six inches in diameter, how thick was it, would you say? A. Thick enough it had a little scum there, had a rim around it.

"Q. Had a rim around it? A. Uh huh, my feet skidded through it."

There was no other evidence as to any excess wax being on the floor which could have caused Mrs. Green's fall. Hence, she pinpointed the cause of her fall as a "puddle of wax". Defendant's witnesses denied the existence of any such puddle, so the crucial and controlling issue was whether such "puddle of wax" was present as the cause of the fall. It is the trial court's duty to submit the controlling issues made by the written pleadings and the evidence. Rule 279, T.R.C.P. But, in doing so he is not required to follow the exact wording of the pleadings. Texas Steel Co. v. Rockholt, Tex.Civ.App., 142 S.W.2d 842 (W.R.). The issue quoted above, and those following based thereon, fairly and substantially submitted the controlling question. Texas Steel Co. v. Rockholt, supra; Villanueva v. Rodriguez, Tex.Civ.App., 300 S.W.2d 668; Beaumont City Lines v. Williams, Tex.Civ.App., 221 S.W.2d 560, 564; Texas & N. O. Ry. Co. v. Pool, Tex.Civ. App., 263 S.W.2d 582. Evidence admitted under the allegation should be taken into consideration in forming the issue so that the jury may intelligently apply the fact raised to the issue formed. Texas Steel Co. v. Rockholt, supra. In framing issues the court is given a sound discretion. It was not abused here.

It is asserted that the court erred in failing to submit certain requested issues

drawn in the language of the petition. Measured by the authorities cited above, the trial court's action was proper. Rule 279 provides that it is not error to refuse issues which would submit various phases or different shades of the same issue. See also Hodges, Special Issue Submission in Texas, pp. 133–136.

The judgment is affirmed.

STEPHENSON, Justice (dissenting).

I dissent. The issue submitted by the trial court was too restrictive. The court placed a greater burden upon the plaintiff than he should have been required to assume. Plaintiff plead an "excessive" amount of wax. The testimony showed a "puddle" of wax. The jury should not have been required to find a "puddle" of wax, as liability could have been based upon a finding of "excessive" amount of wax. The jury could have believed plaintiff was exaggerating the amount of wax, but still believed there was an excessive amount. The jury could have answered "yes" to an issue as to "excessive" amount even though they answered "no" to a "puddle".

The witness would not have been permitted to testify that there was an "excessive" amount of wax on the floor, but had to use descriptive words to show the amount. She testified the amount was a "puddle". This testimony should not have restricted her to an issue following the testimony.

In an automobile collision case a plaintiff may properly plead, as common law negligence, that the defendant was traveling at an excessive rate of speed. The testimony of plaintiff may then show defendant was traveling 68 miles per hour. A trial court could not then require the plaintiff to secure an affirmative finding to an issue as to whether defendant was driving 68 miles per hour, for the plaintiff would still be entitled to have an issue submitted as to whether the defendant was traveling at an excessive rate of speed.