J. WEINGARTEN, INC., Appellant,

v.

Mrs. Juan CASTILLO, Appellee.

No. 15912.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 25, 1972.

**184**

Vinson, Elkins, Searls & Smith, Raybourne Thompson, Jr., Houston, for appellant.

Borwn, Kronzer, Abraham, Watkins & Steely, Dale Harvill, John M. O'Quinn, of Houston, for appellee.

COLEMAN, Justice.

This is a "slip and fall" case. Judgment for the plaintiff was entered by the trial court after a jury trial. The appeal is based on claimed errors in the court's charge.

While Mrs. Castillo and her teenage son were shopping in one of the appellant's stores, she slipped and fell injuring her back. She testified that she fell to the floor. The assistant produce manager testified that she fell to her knee and that he assisted her in getting up. Mrs. Castillo and her son testified that she slipped in a pool of water. The assistant manager said that he couldn't see anything that might have caused her to fall, although there might have been something on the floor that stuck to her shoe. The incident was reported to the store manager, who investi-

gated and testified that he saw no water on the floor.

There was testimony that there was a cold drink dispenser in the store, and a water fountain in the general area. There were water hoses at intervals along the fruit and vegetable bins where Mrs. Castillo was shopping. The equipment was new and was used to spray a fine mist over some of the vegetables. Mrs. Castillo fell some fifteen minutes after twelve o'clock noon. The produce area was swept about eleven thirty. The assistant manager testified that he had sprayed some of the vegetables after that time, but he denied that any water leaked onto the floor. He said that customers dropped pieces of celery or lettuce on the floor from time to time, and at times spilled water or soft drinks on the floor, but he did not see anyone in the area spill or drop anything after he swept. He would have seen it had someone dropped or spilled anything. If there was water on the floor, it must have come from the spray hoses, and customers do not have access to the hoses. When he finished watering the rack he always made sure there were not any wet areas. There was no leaking from the displays. He first saw Mrs. Castillo just about the time she slipped and fell.

The jury found in answer to the issues submitted:

(1) Mrs. Castillo slipped on "a slippery substance" on the floor;

(2) Such "substance" was "left on the floor" by the defendant; (predicated on #1)

(3) The defendant failed to exercise ordinary care in not removing the "slippery substance" from the floor prior to the occurrence in question; (predicated on #2)

(4) Such failure was a proximate cause of the occurrence; (predicated on #3)

(5) Defendant failed to exercise ordinary care in not warning Mrs. Castillo of the presence of such substance on the occasion in question; (predicated on #2)

(6) Such failure was a proximate cause of the occurrence; (predicated on #5)

(7) In the exercise of ordinary care defendant should have known that such slippery substance was on the floor prior to the occurrence in question; (predicated on #1)

(8) Such failure was a proximate cause of the occurrence in question; (predicated on #7)

(9) Defendant in the exercise of ordinary care should have removed the slippery substance from the floor prior to the occurrence in question; (predicated on #7)

(10) Such failure was a proximate cause of the occurrence in question; (predicated on #9)

(11) Defendant should have warned Mrs. Castillo of such slippery substance in the exercise of ordinary care on the occasion in question; (predicated on #7)

(12) Such failure was a proximate cause of the occurrence in question; (predicated on #11)

(13) Mrs. Castillo did not fail to keep a proper lookout;

(14) (no answer)

(15) Mrs. Castillo was injured;

(16) and (17) damages—

In his charge the court apparently was submitting two theories of liability presented by the pleadings and supported by evidence: (1) that Mrs. Castillo slipped in some water which appellant's employees put on the floor, and that appellant thereafter negligently failed to remove the water or to warn Mrs. Castillo of its presence; (2) that Mrs. Castillo slipped in some water on the floor, and that, although appellant did not know the water was on the floor, appellant was negligent in not discovering the water and removing it or warning Mrs. Castillo of its presence. There is no contention on appeal that the issues submitted were without support in the evidence. The question is whether, in view of the objections made, the charge properly submitted these theories of recovery to the jury.

■ Appellee alleged that she slipped in water. Both she and her son testified positively that the substance which caused her to slip was water. Special Issue No. 1 asked the jury to find whether or not appellee "slipped on a slippery substance on the floor." Appellant objected on the ground that the issue was "global" in that it allowed the jury to speculate as to the existence of other substances upon which Mrs. Castillo might have slipped other than water. This objection was good. Appellee plead "water," and there was no evidence that she slipped in any substance other than water. There was evidence that at times other substances were on the floor which might cause one to slip. In view of all the evidence this amounts to no more than a scintilla of evidence that such a substance was on the floor at the time and place of this occurrence.

The testimony of appellant's employees that they could find no substance on the floor which might have caused her to fall raised only the issue of whether there was water on the floor. The trial court is required by Rule 279, Texas Rules of Civil Procedure, to submit "the controlling issues made by the written pleadings and the evidence." The trial court should have used the word "water" in the issue rather than the more general term "slippery substance." H. E. Butt Grocery Company v. Quick, 442 S.W.2d 798 (Tex.Civ.App.—San Antonio 1969, writ refused, n. r. e.); Green v. Walgreen Drug Company of Texas, 368 S.W.2d 688 (Tex.Civ.App.—Beaumont 1963, writ ref., n. r. e.).

After a consideration of all the evidence, however, this court is of the opinion that the jury could not have been misled by the term used and that the error of the trial court in framing Special Issue No. 1 did not result in the rendition of an improper judgment, and that reversal of the case

should not follow. Stalder v. Bowen, 373 S.W.2d 824 (Tex.Civ.App.—Dallas 1964, writ ref., n. r. e.); H. E. Butt Grocery Company v. Quick, supra; Service Refining Co. v. Hutcherson, 179 S.W.2d 772 (Tex.Civ.App.—Waco 1944, writ ref. w. m.).

■ Appellant objected to Special Issue No. 2, which asked if the slippery substance "was left on the floor" by appellant, for the reason that such issue constitutes a "global" submission, and also objected to the submission of the cluster of Issues 1, 2, 3, and 4 for the reason that the court failed to submit an issue asking whether appellant knew the slippery substance was on the floor. Appellant contends that if the court intended in the submission of Issue 2 to ask whether appellant put the substance on the floor it was global in that the jury might have believed that appellant put the substance on the floor and allowed it to remain, or that the substance, having been placed on the floor by an unknown agency, was not removed. The vice in the issue is that it does not necessarily establish either that appellant placed the substance on the floor or that it knew that the substance was on the floor. The jury may well have felt compelled to answer that appellant left the slippery substance on the floor because it was there and appellant was in control of the premises. Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (1951); Missouri, K. & T. Ry. Co. v. Jones, 103 Tex. 187, 125 S.W. 309 (1910).

■ It is undisputed that appellant did not remove the water from the floor before appellee slipped in it, and that appellant did not warn appellee that water was on the floor. To establish a basis for the recovery of her damages it was necessary for appellee to secure fact finding establishing that appellant knew the water was on the floor, or that the water was on the floor for such a period of time that appellant should have discovered the condition in time to either remove it or warn appellee of its existence. Issues establishing these facts were not submitted and the defect in the charge was pointed out to the court by appellant's objections to the charge. The failure to include in the charge issues establishing these facts requires that the case be reversed and remanded for a new trial. Roosth & Genecov Production Co. v. White, 152 Tex. 619, 262 S.W.2d 99 (1953); Hopson v. Gulf Oil Corp., supra; S. H. Kress & Co. v. Selph, 250 S.W.2d 883 (Tex.Civ.App.—Beaumont 1952, writ ref., n. r. e.).

Reversed and remanded.