**J. B. OLIVER et al., Appellants,**

v.

**H. M. ANDREWS, Appellee.**

No. 15297.

Court of Civil Appeals of Texas.

Dallas.

June 7, 1957.

Rehearing Denied July 12, 1957.

Wm. Andress, Jr., Dallas, for appellants.

James L. Mitchell, Dallas, for appellee.

CRAMER, Justice.

Appellee Andrews filed this suit against appellant Ray Sullivan, a real estate agent, for the return of $1,000 deposited by Andrews with Sullivan as earnest money incident to the negotiations by Andrews for the purchase of real estate owned by J. B. Oliver, and located at 4331 Walnut Hill Lane in Dallas, Dallas County, Texas. Sullivan answered by general denial and averment in his pleadings that J. B. Oliver was a necessary party to the suit and that should judgment be recovered by Andrews against the appellant Sullivan the said appellant Sullivan would be entitled to judgment over against J. B. Oliver. However Sullivan did not in his prayer expressly ask for judgment over against Oliver.

J. B. Oliver thereafter filed an answer and cross-action consisting of a general denial and a plea against appellee Andrews for breach of contract. He did not appear in person for the trial.

The contract, material to this appeal, provided that J. B. Oliver et ux. sells and agrees to convey to H. M. Andrews et ux. Lot 13, Block 5528, Lyndhurst Addition to the City of Dallas, for a consideration of $24,000, payable $4,000 cash of which $1,000 was deposited with Ray Sullivan, realtor, agent of the owner Oliver, as part payment, and "It is understood and agreed that purchaser will apply for and obtain a Federal Housing Administration loan in the amount of $20,000 amortized over a period of 25 years at interest rate of 4½% per annum"; and provided for title policy, and contained all other usual provisions as set out in Dallas Real Estate Board's form of Sales Contract. The sale, however, was not consummated and Andrews made demand on Sullivan for the return of the $1,000 earnest money deposited, which Sullivan refused to comply with and this suit resulted.

Trial was to the court without a jury and resulted in judgment for Andrews against Sullivan for $1,000 and for Sullivan over against Oliver for $500, and that Oliver take nothing as against Andrews; and taxed the costs one-half against Sullivan and one-half against Oliver.

After motion by Sullivan and Oliver the trial court filed findings of fact and conclusions of law in substance as follows: (1) On April 24, 1956, defendant Ray Sullivan caused to be served on the attorney of record for plaintiff H. M. Andrews a commission to take the oral deposition of H. M. Andrews on May 11, 1956. (2) At the time of the issuance of the commission to take his oral deposition, and on May 11, 1956, plaintiff H. M. Andrews was absent from the state and resided in Denver, Colorado. (3) Defendant's attorney was advised by letter from the plaintiff's attorney on or about April 28, 1956, that H. M. Andrews was absent from the state and was in Denver, Colorado, and could not be present on May 11, 1956, for the taking of his oral deposition, and that deposition would have to be taken by written interrogatories. (4) Defendant's attorney made no reply to this communication, advising him of the inability of H. M. Andrews to be present for the taking of his oral deposition. (5) Defendant's attorney did not file any motion to require plaintiff's attorney to produce plaintiff for the giving of deposition, nor did he file any motion to hold plaintiff in contempt of court. (6) Defendant made no further effort to take the oral or written deposition of plaintiff after the original commission was issued on April 24, 1956. (7) This case was set for trial on August 24, 1956, reset for November 2, 1956, again reset for November 30, 1956; and finally came to trial on December 13, 1956. (8) At no time did defendant request continuance for the purpose of taking oral deposition of plaintiff Andrews. (9) Prior to July 9, 1955, a written listing with defendant Ray Sullivan was made by J. B. Oliver to sell a certain house and lot located at 4331 Walnut Hill Lane, in the City of Dallas, Texas. (10) Defendant Ray Sullivan negotiated with plaintiff H. M. Andrews for the

purchase of said house and lot prior to July 9, 1955. (11) Defendant Ray Sullivan represented to plaintiff H. M. Andrews that Andrews would be able to obtain a Federal Housing Administration loan in the amount of $20,000 amortized over a period of 25 years on said house and lot. (12) Plaintiff H. M. Andrews was not familiar with the money market and/or Federal Housing Administrator loan requirements on July 9, 1955. (13) On July 9, 1955, plaintiff H. M. Andrews signed an instrument introduced in evidence as plaintiff's exhibit No. 5, which instrument was not signed by the defendant or his representative. (14) At the time plaintiff Andrews signed said instrument he paid over to Ray Sullivan the sum of $1,000. (15) Exhibit 5 was drafted in the office of defendant Sullivan. (16) Ray Sullivan accepted cash deposit in escrow and represented to plaintiff Andrews at the time he signed exhibit 5 that if Andrews was unable to obtain a Federal Housing Administration loan for $20,000 at 4½% there would be no liability on the instrument signed. (17) At the request of plaintiff H. M. Andrews the defendant Ray Sullivan or his agents inserted a provision in the instrument as follows: "It is understood and agreed that purchaser will apply for and obtain a Federal Housing Administration loan in the amount of $20,000 amortized over a period of 25 years at interest rate of 4½% per annum." (18) The defendant Ray Sullivan told H. M. Andrews that there would be no liability under the contract in the event he was unable to obtain the Federal Housing Administration loan. (19) H. M. Andrews made application to the Travelers Insurance Company for a Federal Housing Administration loan in the amount of $20,000 to be secured by a mortgage lien against the property located at 4331 Walnut Hill Lane in the City of Dallas, Texas. (20) H. M. Andrews was unable to obtain a Federal Housing Administration loan in the amount of $20,000. (21) Plaintiff Andrews advised Ray Sullivan of his inability to obtain a F. H. A. loan and demanded the return of the $1,000 deposited with Ray Sullivan. (22) Defendant Ray Sullivan refused to return the $1,000, and did sometime in November 1956, withdraw the said $1,000 from his escrow account and gave $500 of said sum to J. B. Oliver.

Conclusions of Law: "(1) 'Good Cause' was shown for plaintiff H. M. Andrews' refusal to appear for the taking of his oral deposition on May 11, 1956. (2) Defendant Ray Sullivan had ample opportunity to take Andrews' deposition prior to the trial of this cause on December 13, 1956. (3) Plaintiff H. M. Andrews should not be denied the right to present grounds for relief for his failure to present himself for the taking of his oral deposition on May 11, 1956. (4) The writing signed by H. M. Andrews, plaintiff, and delivered to the defendant Ray Sullivan on July 9, 1955, was a contract for the purchase of the property located at 4331 Walnut Hill Lane in Dallas, Texas, subject to a condition contained therein. (5) The contract was conditioned on H. M. Andrews being able to obtain a Federal Housing Administration loan in the amount of $20,000, amortized over a period of 25 years at 4½% interest. (6) The terms of the contract (Exhibit 5) should be construed strictly against defendant Sullivan. (7) Plaintiff H. M. Andrews made a reasonable effort to obtain a Federal Housing Administration loan in the amount of $20,000 on said house and lot, but was unable to obtain such a loan, nor could such loan be obtained under then existing F. H. A. regulations. (8) No liability attached by reason of the written instrument because of Andrews' inability to secure the F. H. A. loan. (9) Plaintiff H. M. Andrews became entitled to a refund of the $1,000 deposited with Ray Sullivan as escrow agent. (10) Ray Sullivan is entitled to recover nothing as to his cross action against H. M. Andrews because the contract failed as a result of

Andrews' inability to obtain the financing called for in the agreement."

On motion therefor the trial court filed supplemental findings as follows: "(1) Prior to negotiations between defendant Ray Sullivan and plaintiff H. M. Andrews for the purchase of house and lot at 4331 Walnut Hill Lane, Dallas, Texas, defendant or his principal had secured a preliminary commitment from F. H. A. for a loan of $20,000 upon such property which preliminary commitment was based on a sale price of $25,000, and was to be effective to September 20, 1955. (2) No loan application by H. M. Andrews was ever finally processed after Andrews was advised by Travelers Insurance Company that F. H. A. regulations would not permit a $20,000 loan on the agreed sale price of the property in question. (3) After the sales contract was originally signed by H. M. Andrews and wife, a change in the price was thereafter made and initialed by both the Olivers and the Andrews. (4) As a matter of law, the agreement between plaintiff and Oliver was a conditional agreement whose conditional terms involved an ambiguity."

From such findings and conclusions the trial court entered the judgment above set out as well as a judgment over against J. B. Oliver for $500 and denied Oliver's prayer for judgment over against Andrews, and taxed the costs one-half against Ray Sullivan and one-half against J. B. Oliver. From such judgment Sullivan and Oliver duly perfected this appeal, here briefing four points of error which will be considered together.

Appellants' points assert: "(1) A printed sales contract containing no typewritten matter regarding a loan in the space following the printed words 'this contract subject to the following special condition,' but having a typed statement that the $24,000.00 consideration is 'payable as follows: $4,000.00 cash; it is understood and agreed that the purchaser will apply for and obtain a Federal Housing Administration loan in the amount of $20,000.00 amortized over a period of 25 years at interest rate of 4½% per annum,' is an unconditional sale contract, and not one avoidable upon failure to secure a loan. (2) Where a subpoenaed plaintiff fails to appear for his oral deposition, and files no prior motion and takes no other action thereafter to show good cause for his default until after announcing ready for trial seven months later, he is precluded from presenting his grounds for relief under Rule 202, Texas Rules of Civil Procedure. (3) If a sales contract is conditioned upon the purchaser applying for and procuring an FHA loan, a purchaser who never makes written application for such loan under FHA regulations, and who intentionally so understates his assets and income to a lending agency as to be personally ineligible for such loan, cannot recover a portion of the cash payment deposited with the agent under the sales contract. (4) A defaulting purchaser under a real estate sales contract is liable to the seller for actual damages occasioned thereby, including reduced sales price, additional selling expense, and carrying expenses of the property until the subsequent sale."

Appellee counters that: "(1) The trial court having found facts and conclusions of law at the request of the defendants, there being evidence in the record to support the facts found by the trial court and in the absence of any exceptions to the findings of fact and conclusions of law or assignments of error on appeal, such findings are binding on the defendants and on the Court of Civil Appeals. (2) The findings of fact by the trial court have support in the evidence and such findings are sufficient to support the judgment entered. (3) The real estate contract in question is not an unconditional contract to purchase real estate as a matter of law."

The written contract was as follows:

(Exhibit)

OFFICIAL FORM, COPYRIGHT, 1951, BY DALLAS REAL ESTATE BOARD    SALE CONTRACT

## The State of Texas,
### County of Dallas

### By This Agreement and Contract,

J. B. Oliver, et ux Ellen    , hereinafter called Seller, acting through the undersigned and duly authorized Agent, hereby sells and agrees to convey (or cause to be conveyed) unto

K. M. Andrew, ab ux Wilma T.    , hereinafter called Purchaser, and said Purchaser hereby agrees to buy and to pay for the following described property: Lying and situated in the City and County of Dallas, State of Texas,  and being the property located at 4581 Walnut Hill Lane, more particularly known and described as Lot 13, Block 3521, 2nd Bural Addition, an addition to the City of Dallas, Dallas County Texas.

The purchase price is $24,000    , payable as follows:
        Cash (of which Purchaser has deposited with the undersigned Agent $ 2,000

        as part payment, receipt of which is hereby acknowledged by said Agent);
It is understood and agreed that Purchaser will apply for and obtain a Federal Housing Administration loan in the amount of $22,000 amortized over a period of 25 years at interest rate of 4½% per annum.

This Contract subject to the following special conditions:
This contract is to include all wall to wall carpeting and two window air conditioning units now in said dwelling.  Seller agrees to give Purchaser possession at time of closing.  This offer holds good through July 12, 1955 only.

The said executed note or notes herein described to be secured by Vendor's Lien and Deed of Trust with power of sale and with the usual covenants as to taxes, insurance and default.

Sellers agrees to furnish    Title Policy

to said property, which shall be conveyed free and clear of any and all encumbrances except those named herein.

If abstract be furnished, Purchaser agrees, within ten days from the receipt of said abstract, either to accept the title as shown by said abstract or to return it to the undersigned Agent, with the written objections to the title.

If said abstract is not returned to the Agent with the written objections noted within the time specified, it shall be construed as an acceptance of said title.

If title policy be furnished, Purchaser agrees, within ten days from date title company approves the title, to consummate the sale.

Restrictions or conditions imposed in any addition or subdivision of which this property is a part or any existing party wall agreements shall not be recited as objections to the title.

If any title objections are made, then the Seller or the Agent shall have a reasonable time to cure said objections or show good and marketable title. In the event of failure to furnish good and marketable title, the cash deposit hereby receipted for is to be returned to Purchaser upon the cancellation and return of this contract; or, Purchaser may enforce specific performance of same.

Seller agrees, when title defects (if any) have been cured, to deliver a good and sufficient General Warranty Deed properly conveying said property to said Purchaser, and Purchaser agrees, when said deed is presented, to pay the balance of the cash payment and execute the note or notes and Deed of Trust herein provided for. Should the Purchaser fail to consummate this contract as specified for any reason, except title defects, Seller shall have the right to retain said cash deposit as liquidated damages for the breach of this contract, and shall pay to Agent therefrom the usual sale commission, in accordance with the schedule recommended by the Dallas Real Estate Board; or, Seller may enforce specific performance of this contract.

Seller agrees to pay said agent the legal sale commission in accordance with the schedule recommended by the Dallas Real Estate Board as of this date.

Taxes for the current year, and current rents, insurance, and interest (if any) are to be prorated to date of closing. Should the improvements on the above described property be destroyed, or damaged beyond repair, by fire, windstorm, hail, explosion, or otherwise, before the consummation of this contract, Purchaser may, at his option, terminate the same and the deposit hereinbefore mentioned shall be returned to Purchaser.

Executed in triplicate this    9th        day of    July            19 55

This contract subject to the acceptance of Seller.

Accepted:
_____
                Purchaser

_____
                Purchaser

_____ J. B. Oliver
                                    Seller

_____ Ellen M. Oliver
                                    Seller

Ray Sullivan Co.
Realtor, Member of Dallas Real Estate Board

By: Ben Salley

Agent For _____

Our review of the record convinces us that the findings are supported by some evidence of a probative force and we cannot say that such findings are against the great preponderance of the evidence. Rule 296, V.A.T.C.P., Vol. 2, p. 325, Note 14, and cases there cited.

■ Appellants here contend as they did in the trial court, that the contract contains a condition which bars recovery, to-wit: "It is understood and agreed that purchaser will apply for and obtain a Federal Housing Administration loan in the amount of $20,000 amortized over a period of 25 years at rate of 4½% per annum" and that there is nothing in the language of the real estate sales contract to show that the sale was conditioned on the securing of the loan or that in event of failure to secure the loan the contract would be of no further force and effect or invalidated Appellants further contend that the provision regarding the loan was not placed in the space pertaining to conditions of the contract, but was placed in the space pertaining to the payment of the consideration. They say there is no ambiguity and no basis for construction under such record. They further say that there is no pleading of ambiguity, the sole claim being that the contract as written shows it was conditioned on procuring the loan.

The record shows, however, that Andrews testified he went to a loan agency and applied for an F. H. A. loan of $20,000, and although he showed a gross income of some $666 per month and his wife's was about $375 per month and a net worth of about $6,000 he was unable to secure the loan and reported such information to Sullivan, advising him he could not therefore go through with the sale, and demanded return of the earnest money which Sullivan refused. Oliver then through Sullivan's attorneys advised Andrews that Oliver was going to again place the property on the market for sale and in case of loss he, Oliver, would hold Andrews for such loss.

Andrews denied his attorneys advised him that Oliver had advised such attorneys as to placing the house on the market again. Andrews stated he was not familiar with loan practices, F. H. A., or loan agencies; that Sullivan represented to him that he would be able to obtain an F. H. A. approved loan for $20,000 amortized over 25 years at 4½% interest which he relied upon in signing the contract. On re-cross examination Andrews testified that at the time Sullivan told him he could make the loan, he had not told Sullivan that his and his wife's income totaled about $16,000 per year and "To the best of my memory I told him that I was making $600 a month. I had just accepted a position with that Company and I was to train to become Sales Manager for that firm, at which time I should have been earning around $1,000 a month, but that was contingent upon my ability", and that Mr. Oliver had told him he had a commitment of $20,000 on the house, but not based on the sales price he agreed upon. Our examination of the contract, in the light of the record as a whole, discloses evidence which can be construed to show that it was within the contemplation of the parties that the sale was conditioned upon the ability of the Andrews to secure the $20,000 loan, and that the securing of the loan was a condition precedent to the effectiveness of the contract, and the findings of fact and conclusions of law, filed by the trial court are supported by the evidence and that the judgment followed and is based upon such findings and conclusions.

■ But Rule 202, invoked in Point 2, provides, material here, that "if the witness fails to appear in answer to the subpoena, except for good cause shown, such party shall not be permitted to present his grounds for relief or his defenses." This rule is a harsh one and, except for material abuse of discretion on the part of the trial judge, is valid and enforceable, except as provided therein, "for good cause shown." Knox v. Long, 152 Tex. 291, 257 S.W.2d 289.

The question of good cause, raised by the evidence, was setlted by the trial court's findings of fact against Sullivan with the presumption that all other facts, if supported by evidence, are settled in favor of the judgment.

For the reasons set out in the court's findings and conclusions, the judgment of the trial court is

Affirmed.