**Jewel Moore HANKINS, Appellant,**

v.

**Titus HAFFA et al., Appellees.**

**No. 8148.**

Court of Civil Appeals of Texas, Amarillo.

June 28, 1971.

Rehearing Denied July 26, 1971.

Underwood, Wilson, Sutton, Heare & Berry, R. A. Wilson, Amarillo, John F. Studer, Pampa, for appellant.

Bruce L. Parker, Pampa, Robert L. Templeton & Associates, Inc., Robert L. Templeton, Amarillo, for appellees.

ELLIS, Chief Justice.

This is an appeal from a judgment entered upon an instructed jury verdict in favor of plaintiffs-appellees in a trespass to try title suit involving the ownership of certain oil and gas leasehold interests. The original suit, filed on September 6, 1961, in the District Court of Hutchinson County, Texas, was brought in behalf of Titus Haffa and other appellees, hereinafter sometimes called Haffa interests, to clear title to the oil and gas leasehold estate in three tracts of land in which Jewel Moore Hankins, defendant-appellant claimed an interest. Also, appellees sought the interim appointment of a receiver to hold and manage the property pending the outcome of the suit.

Among other matters, appellees pleaded that appellant's claim of ownership in and to the leasehold estate is void and unenforceable under the statute of frauds (Article 3995, Vernon's Ann. Revised Civil Statutes of Texas). In addition to other pleadings, the appellant filed a cross-action asserting an undivided one-half interest in and to such leasehold estate, seeking to prevail, as against the statute of frauds, on a constructive trust theory. The case went to trial before a jury on June 2, 1970.

During the interim exceeding eight and two-thirds years between the original filing and trial of the case, various amendatory and supplementary pleadings were filed, as well as a series of pre-trial motions and orders with respect to appellant's efforts to establish by Haffa's records, through discovery proceedings, the existence of written memorandum to meet the requirements of the statute of frauds. Also, an order of severance was entered with regard to the plaintiff's claim against the defendant for damages. It is here noted that on June 1, 1970 (prior to the beginning of the trial), the appellant presented in open court her motion seeking discovery relief against the Haffa interests by reason of their failure to comply with the court's orders and alleged blocking of appellant's efforts with regard to obtaining the discovery to which she claims she is entitled. The specific relief sought was the application of sanctions provided under Rules 168 and 215a, Texas Rules of Civil Procedure, including (1) The striking of all pleadings of the Haffa interests seeking affirmative relief against the appellant, (2) dismissal of the suit of the Haffa interests with prejudice, and (3) the striking of all defensive pleadings of the Haffa interests against appellant's cross-action and the rendition of judgment by default in favor of the appellant. The court, after having heard such motion, reserved judgment thereon until the conclusion of the trial. The appellant's announcement of ready on the date of the trial, was, with permission of the court, made subject to the right of the appellant to have such motion acted upon. Also, Mr. Bruce L. Parker, the at-

torney who had represented the Haffa interests since the inception of the suit, was appointed as guardian ad litem for Titus Haffa, who had been previously adjudicated as mentally incompetent as evidenced by authenticated orders from the Circuit Court of Cook County, Illinois.

The case went to trial before the jury, and, after the completion of the evidence, the court granted appellees' motion for instructed verdict. Also, in open court, the above mentioned motion for discovery relief by way of sanctions against the Haffa interests was overruled. Appellant has perfected this appeal from the judgment based upon the directed verdict and seeks relief only with respect to the appellees collectively identified as the Haffa interests, including Titus Haffa, Mae Haffa and Dora Haffa, Individually and as Administratrix of the Estate of Pauline Haffa, deceased. No relief is being sought against the other parties named as "plaintiffs" in the judgment.

The appellant has based this appeal upon nine assignments of error. In the first three assignments, appellant contends that the trial court abused its discretion in subjecting defendant to trial without the benefit of discovery and in failing to apply the sanctions requested against the Haffa interests. The appellant contends in her fourth, fifth, sixth and seventh points that the court erred in sustaining appellees' motion for instructed verdict on the grounds that there were fact issues for jury determination and that the failure on the part of each of the named parties comprising the Haffa interests to respond to appellant's discovery efforts was sufficient to subject such appellees to a jury determination of the facts. The eighth and ninth points deal with the court's action in taxing the fee allowed to the guardian ad litem for Titus Haffa as costs against the appellant.

Thus, this appeal involves three basic areas of inquiry: (1) Whether the court abused its discretion in failing to apply the discovery sanctions requested by appellant; (2) the status of the evidence regarding appellant's contention that a constructive trust in her favor has been impressed upon the leasehold interest in question; and (3) the assessment of the guardian ad litem's fee as costs against the appellant.

The discovery rules involved herein are Rules 167, 168, 186a and 215a(c) of the Texas Rules of Civil Procedure as they existed prior to the amendments thereof effective on January 1, 1971. Under Rule 167, upon proper motion and notice, the court may order any party in the case to produce and permit the inspection and copying or photographing of certain documents and tangible things which constitute or contain evidence material to any matter involved in the action. Rule 168 authorizes the serving of written interrogatories to be answered separately and fully under oath. Rule 186a deals with the taking of oral depositions or written interrogatories and the scope thereof with reference to the "existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the location of persons having knowledge of relevant facts." In the event of disobedience by a party of any such rules regarding discovery, Rules 168 and 215a provide certain sanctions which the court may impose. The sanctions pertinent to this inquiry are set out in subparagraph (c) of Rule 215a which provides that "except for good cause shown," if a party fails to comply with the discovery required, the court may impose sanctions which include: (1) the striking of the pleadings of the party; (2) the dismissal of the party's action; (3) the direction that the party not be permitted to present his grounds for relief or defense; (4) the entry of a judgment by default against the party; and (5) the making of such other order with respect thereto as may be just.

The appellant's first effort toward discovery occurred on January 17, 1963, when interrogatories were directed to appellees seeking detailed information with respect to written records of communications and conferences between appellant and appellees. The Haffa interests replied to these interrogatories on January 5, 1965. On January 12, 1965, the court entered an order finding the answers by Titus Haffa were not sufficient and extending the time for answering the same to March 5, 1965. On March 3, 1965, a further reply was made to the interrogatories, but the information and data desired were not furnished to appellant's satisfaction. On June 18, 1968, appellant moved the court to require Titus Haffa to fix the time and place when he would appear in Texas for deposition and furnish records regarding the matter in controversy. This motion was heard by the court on June 27, 1968, and the court ordered Titus Haffa to appear in Texas for deposition and produce records in advance of the outstanding date set for trial. The trial date was vacated on appellees' motion and there was no appearance or production of records. On December 17, 1968, appellant gave notice of the taking of the deposition of Titus Haffa in Pampa, Texas, and also for the production of certain records on January 2, 1969. Again, there was no appearance or production of records. On May 25, 1970, the appellant filed the motion for discovery relief seeking the imposition of the sanctions set out in the motion hereinabove described. This motion was presented in open court on June 1, 1970, and the appellees asserted that "good cause" existed for the non-appearance of Titus Haffa and his failure to produce records by reason of his physical and mental problems. The court reserved judgment on the motion until the conclusion of the evidence in the trial.

At the beginning of the trial on June 2, 1970, the appellees introduced into evidence two authenticated copies: (1) Order of the Circuit Court of Cook County, Illinois, dated January 20, 1970, placing Titus Haffa in the care of his wife for treatment by a doctor, and (2) Order of the Circuit Court of Cook County, Illinois adjudging Titus Haffa to be an incompetent and designating his wife as conservator of his estate. During the trial the appellees presented the testimony of Mr. Robert M. Woodward, an attorney from Chicago, who had never been Mr. Haffa's attorney but was attorney for companies owned or controlled by Mr. Haffa. Mr. Woodward's testimony was to the effect that he had known Titus Haffa for approximately forty years and that he had observed a difference in the mental condition of Mr. Haffa since the latter part of 1966. Also, he testified that Titus Haffa had been in and out of various hospitals since the latter part of 1966, and that since such time he had deteriorated mentally and physically and was not now capable of transacting business. Also, there was testimony by another witness, Mr. Hal Folmar, who had filed the suit originally for the Haffa interests, to the effect that he had seen Titus Haffa for a short time in August of 1967, at which time he seemed to be rational. Folmar also testified that he had seen Titus Haffa as late as June 1, 1970, at which time he appeared to be in satisfactory mental condition, but that he did not talk with Haffa on the latter occasion.

After the hearing of the evidence submitted during the trial, the court overruled the appellant's motion for discovery relief. In regard to the discovery motion upon which the court had reserved judgment until the hearing of the evidence, the court stated: " * * * I now take the position that the discovery was ample insofar as which it might have disclosed." The appellant excepted to the court's ruling, submitted motion for a new trial which was overruled and perfected this appeal.

■ The principle is well established by the case law of this state that the imposition of penalties for failure or refusal to comply with discovery orders are addressed to the

sound discretion of the court, and the action of the court in this regard may be set aside only upon a showing of a clear abuse of discretion. Meyer v. Tunks, 360 S.W.2d 518 (Tex.Sup.1962); Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); Fisher v. Continental Illinois National Bank and Trust Company of Chicago, 424 S.W.2d 664 (Tex.Civ.App.—Houston (14th District) 1968, writ ref'd n. r. e.). Although in the cases above cited, the court's action was upheld in applying the particular sanction involved, it is clear that the question of abuse of judicial discretion is to be determined by the facts in each particular case.

Appellant has cited the case of Fisher v. Continental Illinois National Bank & Trust Company of Chicago, supra, in support of her contention that the trial court abused its discretion in failing to apply the sanctions set out in her motion for discovery relief. In this case, after pointing out the broad discretion vested in the court in regard to the imposition of penalties for failure to comply with discovery orders, the court held that under the facts of the case before it, wherein the court had dismissed the cause, it was not shown that there had been a clear abuse of discretion. In the court's opinion it was set out that "the only facts shown by the appellant as good cause for his failure to appear, were his recitation in his motion to quash subpoena duces tecum to the effect that he was a resident of Florida, that the document subpoenaed were bulky and that they were privileged communications * * *." The court held that such facts did not constitute good cause for failure to comply with the court's order. In the instant case, the appellee had answered certain interrogatories, furnished information regarding the location and availability of certain instruments and there was evidence before the court concerning the appellee's physical incapacity and mental incompetence during the period in question, along with the authenticated copies of the Illinois Court Orders adjudging him to be incompetent, placing him in the custody of his wife for treatment by a doctor and appointing a conservator of his estate. In view of the circumstances shown and the evidence submitted regarding the physical and mental deterioration of Mr. Haffa since the latter part of 1966 (beginning prior to the court's order for his appearance in Texas) as well as the adjudication of his incompetency, it is our opinion that the instant case is clearly distinguishable on the facts.

■ The application of the sanction of depriving a party of the right to present his grounds for relief and his defense against a cross-action, thereby subjecting him to the rendition of a default judgment against him, is a harsh remedy and the court's action in refusing to apply such sanctions will stand in the absence of a showing of abuse of discretion. See Oliver v. Andrews, 304 S.W.2d 197 (Tex.Civ.App.—Dallas 1957, writ ref'd n. r. e.); Cutler v. Gulf States Utilities Co., 361 S.W.2d 221 (Tex.Civ.App.—Beaumont 1962, writ ref'd n. r. e.). Although it may be contended that the discretion of the court lies in its choice of sanctions, we deem it appropriate to point out that in addition to the discovery sanctions sought by appellant in her motion, Rule 215a (c) also provides that the court is authorized to "make such other order with respect thereto as may be just." In this connection, see 2 McDonald, Texas Civil Practice, Section 10.02–14.

■ The court did not see fit to impose the sanctions sought by the appellant and entered its finding and order to the effect that the discovery had was ample under the circumstances. In view of the long period of time involved since the beginning of this litigation, and considering the evidence submitted before the court, and all of the attendant circumstances including the absence of any indication that further discovery efforts would be likely to accomplish the objective of discovery procedures, it is our opinion that the court's overruling of the appellant's motion for discovery relief was within the scope and spirit of "such other order with respect thereto as may be just."

We hold, therefore, that it has not been sufficiently shown that the court abused its discretion in overruling the appellant's motion in question and overrule the appellant's first three points of error.

The appellant contends in her cross-action that appellee, Titus Haffa, took title in trust for her as to an undivided one-half interest in and to the leasehold estate in the tracts of land in question. She further contends that this trust relationship arose by reason of an express agreement by Titus Haffa that if she would acquire certain leases for him he would hold them in his name and that she was to have an undivided one-half interest in the property in question.

The appellees contend in their pleadings that the appellant's claim of ownership of any portion of the oil and gas leasehold estate is void and unenforceable because "same was an interest in real estate and Defendant has no written agreement or memorandum thereof signed by the party to be charged and thus void under the statute of frauds." (Article 3995, Revised Civil Statutes of Texas). Since no evidence was produced to establish the existence of a written memorandum to satisfy the requirements of the statute of frauds, appellant seeks to prevail in her claim of ownership under the constructive trust theory based upon an alleged oral agreement between appellant and Titus Haffa. The three oil and gas leases set out in the judgment from which this appeal is taken are in three acreage groups, being the leasehold interest in and to the lands described in First Tract, Second Tract and Third Tract, respectively, in the judgment.

The appellant testified that beginning in December of 1953, she had various conversations with the appellee, Titus Haffa, leading up to an oral agreement in April of 1954. The details of the agreement concerned leases he already had and the leases he would acquire or that she would acquire for him. She also testified that the leases were to be taken in his name and he would hold them in trust, and that she would own a one-half interest therein. Also, she testified that she acquired the additional leases and took charge of the drilling operations. Her services included the handling of all moneys, making of agreements with drillers and other contractors and a great variety of other services in connection with the drilling operations. She furnished no money, but only her services in connection with these operations.

With respect to the First Tract, it is here noted that the record shows that Titus Haffa owned no interest in such leasehold estate at the time of the alleged oral agreement in April, 1954, but that he had previously conveyed his interest to other parties. Further there is no showing of agency or authority for him to deal with the property at or since that time. According to the record, there were two leases upon the Second Tract, dated April 15, 1954, one being a guardian lease, wherein appellant is the guardian of the ward's interest being leased, and the other from the appellant's family, including the appellant. The lease upon the Third Tract was acquired in appellant's name, but she assigned all of it to Titus Haffa. In connection with this lease upon the Third Tract, appellant stated that the reason she could not hold this lease in her own name was because of her husband's creditors, her husband being involved in law suits, and she wanted Titus Haffa to hold this property in trust for her to protect the property from her husband's creditors.

█ It has been established that a constructive trust must be based upon the existence of a fiduciary relationship *before, and apart from* the agreement made the basis of the suit. Consolidated Gas & Equipment Company of America v. Thompson, 405 S.W.2d 333 (Tex.Sup. 1966). In the court's opinion, after making reference to previous Supreme Court opinions regarding the standards prescribed for the creation or existence of a fiduciary re-

lationship and a constructive trust, the court stated:

"The fact that people have had prior dealings with each other and that one party subjectively trusts the other does not establish a confidential relationship.

\* \* \*

"Our holdings above cited are to the effect that for a constructive trust to arise there must be a fiduciary relationship before, and apart from, the agreement made the basis of the suit. Such is our holding here. As stated, the fact that one business man trusts another, and relies upon his promise to carry out a contract, does not create a constructive trust. To hold otherwise would render the Statute of Frauds meaningless."

In the instant case, it is undisputed that the oral agreement in April of 1954 upon which her suit is based is the very first agreement appellant ever had with Titus Haffa. Although she stated that she had various conversations with Titus Haffa concerning the management of leases and also concerning the leasing of other land, no agreement of any kind was reached before the agreement in April of 1954. The evidence shows that their relationship prior to the agreement consisted primarily of conversations leading to the agreement forming the basis of this suit. Although there is testimony to the effect that there were various dealings between the parties arising from and after the alleged agreement of April, 1954, we find no evidence of any dealings between the parties that could constitute a fiduciary relationship *before and apart from the agreement* made the basis of the suit within the principle announced in the above cited Texas Supreme Court case. We hold, therefore, that under the evidence, a constructive trust in favor of appellant was not impressed upon the oil and gas leasehold interests in question. We note, in this connection, the absence of fact issues regarding the existence of a fiduciary relationship between the parties before and

separate and apart from the agreement forming the basis of the suit. Appellant's contention that the failure if not refusal of appellant to respond to discovery orders should subject appellant to a jury determination of the facts cannot be sustained because the various discovery rules are applicable only to "pre-trial" proceedings and subject the violating party to such coercive action as may be ordered by the court within the broad discretion vested in it by law. American Central Insurance Co. v. Texhoma Stores, Inc., 401 S.W.2d 593 (Tex.Sup.1966). We hold, therefore, that under the evidence in this case, no fact questions are presented for jury determination, and that the verdict directed by the trial court was proper and should be sustained. Appellant's fourth, fifth, sixth, and seventh points of error are overruled.

The appellant contends in her eighth and ninth points that the court abused its discretion in assessing the guardian ad litem's fee of $100 against the appellant. Rule 173 of the Texas Rules of Civil Procedure provides for the appointment of a guardian ad litem for an incompetent person who is a defendant to a suit and has no guardian within this state, or where such person is a party to a suit "either as plaintiff, defendant or intervenor and is represented by a next friend or a guardian who appears to have an interest adverse" to such incompetent, and allow such guardian ad litem a reasonable fee for his services to be taxed as a part of the costs. Rule 173 contemplates the appointment of a guardian ad litem only for the defendant who is involuntarily brought into the suit. In this connection see Henderson v. Applegate, 203 S.W.2d 548 (Tex. Civ.App.—Fort Worth 1947, writ ref'd n. r. e.). Also, it could not be contended that Titus Haffa's co-plaintiffs in this suit had an interest adverse to him. Further, it has been held that the court is authorized to assess guardian ad litem's fees against a *minor's property who prevailed in his suit* to recover his interest therein. Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66

(1920); Holloway v. McIlhenny Co., 77 Tex. 657, 14 S.W. 240 (1890). The above cited decisions were rendered under the statute (Art. 2159), the source of Rule 173, which was modified primarily by the addition of a provision for appointment of a guardian ad litem whenever the minor or incompetent is represented by one having an adverse interest. Also, the guardian ad litem is the attorney who had represented Titus Haffa along with the other Haffa interests in this suit prior to the date that Titus Haffa was adjudged to be incompetent. In view of the foregoing and the fact that Titus Haffa has prevailed in the trespass to try title suit against the appellant, we hold that it would be proper that the $100 guardian ad litem fee be assessed as costs against the property of Titus Haffa. Accordingly, we hold that the judgment of the trial court should be reformed in such respect. Appellant's eighth and ninth points of error are sustained.

The judgment of the trial court is affirmed except to the extent that same is reformed by assessment of the guardian ad litem's fee as costs against the property of appellee, Titus Haffa.