## SNOWDEN v. REPUBLIC SUPPLY CO.

No. 14322.

Court of Civil Appeals of Texas. Dallas.

April 27, 1951.

Rehearing Denied May 11, 1951.

W. C. Graves and Elgar L. Robertson, both of Dallas, for appellant.

Ungerman, Hill & Ungerman and Leonard E. Hoffman, Jr., all of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from what may be denominated a summary judgment on a note in the original amount of $1,796.81, less $500 subsequently paid thereon, with interest and attorney's fees as provided in said note. The note was executed by Ray Pool in payment and satisfaction of an account due and owing by Ray Pool Drilling Company, which company was alleged by the plaintiff (appellee) to be a partnership composed of Ray Pool and Homer W. Snowden.

The suit was filed July 9, 1949, in a District Court of Dallas County, against Ray Pool and Homer W. Snowden, by unverified petition in which it was alleged that the defendants were copartners in the partnership firm of Ray Pool Drilling Company, and that because of such copartnership they each became bound and obligated, and each promised to pay plaintiff various sums of money for the items of goods, wares, and merchandise set out and described in a verified account attached to the petition; and "as further evidence of such account and indebtedness, on December 29, 1947, Ray Pool thereunto duly authorized, made, executed and delivered to the plaintiff the promissory note." Premises considered, the plaintiff prayed that it have judgment on the note, principal, interest, and attorney's fees; and, in the alternative, for the amount of the stated account.

The defendant Snowden, on August 18, 1949, by verified answer, urged numerous special exceptions to plaintiff's petition, material here, that upon its face the plaintiff is a Delaware corporation, not alleged therein that such corporation has a permit to do business in the State of Texas; and, without such permit, plaintiff is not entitled to maintain this suit in the courts of this State; and, in addition to general denial, the defendant specifically denied under oath "that if he was ever a copartner of Ray Pool in the business of Ray Pool Drilling Company, which is not admitted, but denied, that on the 29th day of December, A. D. 1947 (date of the note), he was not a copartner of Ray Pool in any enterprise, and particularly in Ray Pool Drilling Company."

██ It will be observed from the pleadings that the sole primary cause of action rests on the plaintiff's affirmative showing that the defendants, Pool and Snowden, were partners, and that the plaintiff was authorized to do business in Texas. On such issues, the burden of proof rested upon the plaintiff.

On April 18, 1950, some nine months after the suit was filed, the plaintiff caused notice to be had upon the defendant Snowden's attorney of record to take Snowden's oral deposition, and commission issued for the taking of such deposition on May 20, 1950, at designated place and hour in accordance with the Rules of Procedure in such matters. Defendant Snowden failed to appear for reasons hereinafter related; and, because of such failure, the plaintiff on June 1, 1950 filed an unverified motion under Rule 202, Texas Rules of Civil Procedure, on the pleadings, for judgment on plaintiff's debt, principal, interest, attorney's fees, and all costs of suit. In said motion it will be seen that the plaintiff restated that Pool and Snowden were copartners in the copartnership firm of Ray Pool Drilling Company; also restated all incidents relating to the taking of Snowden's deposition. To said motion the defendant Snowden, by and through his attorney of record, filed answer supported by affidavit, alleging that there was "good

cause for the failure of the defendant to appear and give his oral deposition at the time and place set out and described in plaintiff's said motion, for the following reasons, to wit: (a) That this defendant was absent from the State of Texas and in the State of California at all times pertinent to the taking of said deposition; (b) that this defendant left the State of Texas for California several weeks prior to the date that plaintiff applied for commission to take defendant's deposition, was absent from the State of Texas at the time such commission was issued, was absent from the State of Texas at the time service of subpoena was had on his attorney of record, and did not return to the State of Texas until long after the 20th day of May, 1950, the date designated for the taking of such deposition; (c) that defendant's attorney had no way of contacting defendant to inform him of such deposition, and that in any event it would have been impossible for defendant to return to Dallas, Texas (a distance of approximately 2,000 miles) in time sufficient for the taking of such deposition; (d) that defendant was in California at all times on business and was not absent from the State of Texas to avoid giving of such deposition; (e) that defendant's attorney, Elgar L. Robertson, informed attorneys for the plaintiff that this defendant was out of the State many days prior to the date designated for the taking of such deposition, and that defendant would in all probability not return prior to said date; and also informed them that he, said attorney, had been unable to contact this defendant to inform him of such deposition; (f) that plaintiff made no effort to personally serve subpoena on this defendant at any time and especially made no effort to personally serve this defendant after being informed that defendant's attorney had not been able to contact this defendant."

On hearing, the trial court sustained plaintiff's motion to strike Snowden's answer and to enter judgment on plaintiff's pleadings against defendants Pool and Snowden, jointly and severally, as in-

dividuals and as partners in Ray Pool Drilling Company, in the amount of its note, with interest and attorney's fees as provided therein. To this action of the trial court the defendant Snowden alone has appealed.

At the request of defendant Snowden, the trial court filed findings of fact substantially as related in plaintiff's motion for judgment, and reiterated the "good cause" as shown in the defendant's reply; concluding, as a matter of law, that such related facts and substantiated evidence were not "good cause" within the purview of Rule 202, supra, as to excuse the defendant for his failure to appear for the taking of his oral deposition; and that "in absence of such 'good cause' shown, the defendant Snowden was not entitled to present his defenses to the liquidated demand of the plaintiff herein, and in the absence of such defense plaintiff was entitled to judgment on such liquidated demand."

■ Rule 202, promulgated by our Supreme Court, is an effective procedure in aid of developing evidence by oral deposition; and we think the primary purpose of the Rule is to prevent the one offending to arbitrarily and wantonly absent himself from giving evidence in aid of litigation. The provision reads: " * * * if the witness fails to appear in answer to the subpoena, except for good cause shown, such party shall not be permitted *to present his grounds for relief or his defenses.*" (Emphasis supplied.) "Good cause" is a multiform term, having great diversity or variety of meaning and application. It has no fixed meaning, but must depend upon the circumstances of each case. 18 Words and Phrases 459. The test of "good cause," extending to statutory requirements, is that of the ordinary course of conduct as would be pursued by an ordinarily prudent person acting under the same or similar circumstances, determinable largely by the sound discretion of courts,—not arbitrarily or wantonly. Texas Indemnity Ins. Co. v. Watson, Tex.Civ.App., 207 S. W.2d 99; Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W.2d 989; 18 Words and Phrases, and Pocket Part.

■ Reviewing the facts and circumstances in the case here, measured by the yardstick of the term "good cause," as given in the decisions of this State and elsewhere: Republic Supply Company, appellee, filed its suit on July 9, 1949; the appellant answered August 18, 1949; then, sometime about eight months thereafter, the appellee (after defendant Snowden had left the State) proceeded under the Rule to take appellant's deposition by serving notice on his attorney. There is no intimation or suspicious circumstance to indicate that the defendant left Texas to avoid the giving of his deposition, or that he ever knew the appellee desired or intended to take his deposition. The evidence is uncontroverted that at the time the deposition was to have been taken, Snowden was in the State of California, some 2,000 miles from Dallas, Texas; and, regardless of the expense, damage and inconvenience to the defendant, appellee earnestly contends that Snowden should have returned to Texas to meet the appointment set for the taking of his deposition, of which he had no actual notice,—being at the time only temporarily in the State of California. We respectfully submit that the trial court erred in striking the appellant's answer to appellee's suit, thereby depriving him of his day in court; appellant not arbitrarily or wantonly absenting himself.

■ ■ The penalty clause of the Rule, "such party shall not be permitted to present his grounds for relief or his defenses", must be interpreted to mean affirmative grounds or defenses; not denials of matters which the opposing party must affirmatively prove. Such penalty does not go to the extent as to relieve the opposing party of the burden of proving his alleged factual matters. In the case here, the appellee, in its petition upon which it sought judgment against defendant Snowden, alleged that it was a foreign corporation and that Snowden and Pool were copartners in the firm known as Ray Pool Drilling Company. The appellant pleaded denials, alleging under oath that he was not a partner, and presented exception attacking the sufficiency of plaintiff's petition as showing its right to maintain suit in this State; thus

his answer placed the burden upon the appellee to prove the partnership, thereby fastening liability upon the appellant, and that it had the right to maintain the suit. The mere fact that the appellant, under the Rule, is denied the right to present his defense to appellee's cause of action, that is, general denial, is in no way an admission that he was a copartner with Pool, or that the appellee had a permit to do business in this State; and, in no event should the trial court have entered judgment without evidence in support of the affirmative elements of appellee's cause of action,—which evidence is not present in this record. The Rule does not give the trial court authority to waive the affirmative prerequisites and enter judgment, in absence of the necessary proof. The judgment of the trial court is, therefore, reversed and cause remanded for new trial as to the appellant Homer W. Snowden; the judgment as to the defendant Ray Pool is undisturbed.

Reversed and remanded.