**Gerold EBELING, Appellant,**

v.

**James GAWLIK, Appellee.**

**No. 15998.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 9, 1972.

Vernon L. Hankins, Houston, for appellant.

David Hittner, Houston, Glassman & Hittner, Houston, of counsel, for appellee.

PEDEN, Justice.

Plaintiff appeals from a trial court judgment which struck his pleadings and dismissed his cause of action. The judgment recited that the plaintiff had failed to comply with a previous order of the court to make full and complete answers to interrogatories filed under Rule 168, Texas Rules of Civil Procedure.

The record before us consists of a transcript only. The appellant complains that the trial court erred 1) in finding that the appellant failed to comply with the order of the court and 2) in ordering the plaintiff's pleadings stricken and dismissing this cause.

The plaintiff sued the defendant for labor done, alleging that pursuant to an agreement between the parties he had per-

formed services as a carpenter for the defendant, for which he should have been paid $8,070 but had been paid only $5,332.50, leaving a balance due of $2,737.50. The original petition did not supply an itemized account of the work done.

On April 10, 1972 the defendant filed written interrogatories under Rule 168, and the plaintiff answered them on April 24, 1972. The defendant then moved to compel the plaintiff to "fully answer the interrogatories," praying that if he failed to do so "his pleadings be stricken and his case dismissed for the wrongful and arbitrary refusal" to comply.

On May 11, 1972 the trial judge entered an order reciting that counsel for the parties had appeared in court for the hearing on the motion and directing the plaintiff to make full answers to the interrogatories, specifically numbers one and seven, by May 17, 1972 or his pleadings would be stricken and the cause dismissed. Interrogatory number one asked for plaintiff's home and business addresses and telephone numbers. Interrogatory number seven asked that the claim be itemized, giving dates work was performed plus a detailed description of work done.

On the specified date the plaintiff filed both a supplement to his answers to the interrogatories and a first amended original petition, both of which contained "Exhibit B", an itemized list of his labor hours. His supplemental answer to the first question was complete and to the point. His supplemental answer to the seventh question was a detailed, typewritten exhibit some six pages long giving the number of hours he worked on each day from May 4, 1970 through April 14, 1971 and describing the work done each month during that period. Appellee does not complain here that the contents of either answer were inadequate.

The only manner in which the defendant-appellee contends that the plaintiff's supplemental answers were deficient is that in verifying them the plaintiff swore only that they were true and correct to the best of his knowledge instead of unqualifiedly swearing that they were true.

Rule 168 authorizes the trial court to proceed as provided in paragraphs (a) and (b) of Rule 215a if a party refuses to comply with an order compelling an answer to interrogatories and permits the court to apply the sanction here invoked "or make such other order with respect thereto as may be just."

■ To deprive a party of his right to present his grounds for relief is a harsh remedy, but if he fails or refuses to comply with discovery orders it is within the discretion of the court to do so. Hankins v. Haffa, 469 S.W.2d 733 (Tex.Civ.App. 1971, no writ).

■ We hold that the defendant did not give the plaintiff reasonable notice of any alleged defect in the verification. Neither the motion to answer more fully nor the order in response to it raised any question as to the verification, although the plaintiff's first answer to the defendant's interrogatories had been verified in the same words as those now complained of: ". . . true and correct to the best of my knowledge."

■ Further, as we have noted, the plaintiff's first amended original petition, filed with the supplemental answers on May 17, 1972, also contained a copy of "Exhibit B," the amended response to interrogatory number seven. In the petition reference was made for all purposes to that attached exhibit, and the plaintiff verified, without qualification, that the allegations of fact in his petition were true and correct. We consider that the plaintiff's supplemental answer, when read with this amended petition, supplies the information which the appellee sought.

Under these circumstances the applying of the sanction here chosen was an abuse of discretion.

The office of sanctions is to secure compliance with the discovery rules, not to punish erring parties. Robison v. Transamerica Insurance Co., 368 F.2d 37 (10th Cir. 1966).

It may well be that the trial judge anticipated that the plaintiff would move to set aside the dismissal order and expected to clarify the matter at that time, but the plaintiff did not waive his right to appeal by failing to so move.

Reversed and remanded.