**Edward W. PLODZIK, Appellant,**

v.

**OWENS–CORNING FIBERGLAS CORPORATION, Appellee.**

**No. 12518.**

Court of Civil Appeals of Texas, Austin.

March 23, 1977.

Jay J. Madrid, David A. Miller, Matthews, Matthews, Sechrist & Madrid, Dallas, for appellant.

Adrian M. Overstreet, Jr., Law Offices of Don L. Baker, Austin, for appellee.

PHILLIPS, Chief Justice.

The question for decision is whether the trial court abused its discretion in striking appellant's pleadings and granting appellee default judgment where appellant had no notice of an order to compel answers on oral deposition (or have his pleadings stricken and default judgment entered against him), until such time as compliance therewith had passed.

We answer the question in the affirmative and reverse the judgment of the trial court and remand the cause for trial.

This suit was brought by appellee to recover for certain merchandise allegedly sold to Precision Insulation Company. Appellee brought the suit against appellant on a theory of guaranty, and later, on a theory of *alter ego*, alleging that appellant treated Precision Insulation as his *alter ego* incurring the debt herein, while Precision Insulation was insolvent without notice to appellee of insolvency, and further alleging appellant to have transferred Precision Insulation's assets to himself without lawful consideration and without regard to the rights of creditors.

Appellee then deposed appellant, and, upon appellant's refusal to answer certain questions, filed a motion to compel answers on oral deposition. The record indicates the hearing on appellee's motion was on May 20, 1976. Neither appellant, nor his attorney, was present. Appellee's motion was granted and an order was entered bearing the notation that it was signed on May 20th; however, the judgment recites the order to have been signed and entered on May 25th. The order required appellant to appear for a deposition on May 27, 1976, at 2:30 P.M. and to file a cost bond and pay attorney's fees by noon on May 27th, or have his pleadings stricken and default judgment entered against him.

Counsel for appellee, in Austin, mailed the order to counsel for appellant, in Dallas, on May 25, 1976. Counsel for appellant received the order on May 27, after the time for compliance therewith had expired.

On May 28, a default judgment was granted appellee. On June 16, appellant's amended motion for new trial was overruled, and on June 29, the court rendered a corrected judgment from which appellant has perfected this appeal.

We hold that appellant's amended motion for new trial should have been granted, and in refusing to set aside the default judgment and grant a new trial, the trial court abused its discretion.

It is agreed that the trial court had the power to strike the pleadings and grant the default judgment under authority of Tex.R.Civ.P. 215a. This authority is subject, however, to an exercise of discretion. *Ebeling v. Gawlik,* 487 S.W.2d 187 (Tex.Civ. App. 1972, no writ); *Hankins v. Haffa,* 469 S.W.2d 733 (Tex.Civ.App. 1971, writ ref. n. r. e.), and *Fisher v. Continental Illinois National Bank and Trust Co. of Chicago,* 424 S.W.2d 664 (Tex.Civ.App. 1968, writ ref. n. r. e.).

In our judgment the time frame set out above in which the court granted the order precluded appellant from complying with the terms of the order.

We are aware that there is some authority, as appellee contends, that a party properly before the court, is chargeable with notice of all subsequent steps, including orders and judgments taken in the case, though the party does not in fact appear and has no actual notice thereof.[1] Nevertheless, we hold that, except for compelling reasons, it is essential to the proper administration of justice that proper notice shall be given of steps proposed to be taken. *Box v. Associates Investment Co.,* 352 S.W.2d 315 (Tex.Civ.App. 1961, no writ). Certainly, the court should have given appellant a reasonable time, after notice, in which to comply with an order that, if ignored or otherwise opposed, contained the seeds of such devastating consequences.

Punishment is not solely the purpose of discovery sanctions. *Lloyd A. Fry Roofing Co. v. State,* 524 S.W.2d 313 (Tex.Civ. App. 1975, writ ref. n. r. e.). The primary office of discovery sanctions is to secure compliance with the discovery rules. *Ebeling v. Gawlik, supra.* The purpose of Rule 215a is to prevent one from arbitrarily and wantonly absenting himself from giving evidence in aid of litigation.

Due to our disposition of this case, appellee's motion to supplement the transcript by adding a statement of facts and appellant's deposition taken on May 6, 1976, is overruled.

The judgment of the trial court is reversed and the cause is remanded for trial.

Reversed and Remanded.

---

1. *Pentikis v. Texas Electric Service Company,* 470 S.W.2d 387 (Tex.Civ.App. 1971, writ ref. n. r. e.), and cases cited therein.