Donald **RODEBAUGH**, Jr., Appellant,

v.

Jerry Robert **BEACHUM**, Appellee.

No. 5949.

Court of Civil Appeals of Texas, Waco.

Dec. 28, 1978.

Rehearing Denied Jan. 25, 1979.

**144**

Ronald A. Dubner and David Bell, Dubner, Weinstein & Bell, Dallas, for appellant.

Harold Barefoot Sanders, Jr., and William Frank Carroll, Clark, West, Keller, Sanders & Butler, Dallas, Warwick H. Jenkins, Jenkins & Jenkins, Waxahachie, for appellee.

HALL, Justice.

Plaintiff-appellant Donald Rodebaugh, Jr., filed this suit on May 31, 1978, against defendant-appellee Jerry Robert Beachum. Plaintiff set up in his petition that defendant was asserting that on October 14, 1976, in Matamoras, Mexico, plaintiff executed a promissory note for $200,000.00 payable to the order of defendant and allegedly due on January 15, 1978; that the note is a sham and was not executed by plaintiff; that defendant asserts the note was negotiated by defendant to Antonio Martinez Moreno; that defendant and Moreno entered into a conspiracy wherein defendant would allegedly assign and transfer the note to Moreno; that on February 20, 1978, a lien, known as an embargo under the laws of Mexico, was filed of record in Mexico setting out that plaintiff owes Moreno the sum $200,000.00 on the note; that the embargo is part of a conspiracy between defendant and Moreno to encumber certain real estate in Mexico; and that plaintiff will be irreparably damaged in certain particulars if defendant is not enjoined from making in person and by and through his co-actor Moreno the assertions and taking the actions on the note complained about. Copies of the alleged note and the alleged embargo, both completely written in Spanish, were attached to the petition. Plaintiff prayed for a temporary injunction pending trial, for judgment declaring the note void insofar as it allegedly related to plaintiff, and for permanent injunction.

Plaintiff's application for a temporary injunction was set for hearing on June 23, 1978. However, on that day plaintiff's suit was dismissed with prejudice upon the basis of a series of motions and special exceptions filed by defendant. Plaintiff brought this appeal. We reverse the judgment and remand the case for trial.

The judgment of dismissal is short, and fairly sets up the issues on this appeal. We quote it in full:

"On June 23, 1978, came on regularly for hearing Defendant's Plea in Bar and to the Jurisdiction, Defendant's Plea in Abatement, Defendant's Motion to Impose Sanctions and to Dismiss, and Defendant's Special Exceptions Nos. 1, 2, 3, 4 & 5, contained in Defendant's Original Answer, and came the parties by their respective counsel. The Court, having considered the pleadings and the argument of counsel, and being fully advised, is of the opinion, and so finds and concludes, that (1) Defendant's Plea in Bar and to the Jurisdiction is well taken and should be granted, (2) Defendant's Plea in Abatement is well taken and should be granted, (3) Defendant's Motion to Impose Sanctions and to Dismiss should be granted because on June 20, 1978, and again on June 22, 1978, Plaintiff Donald Rodebaugh, Jr., without good cause shown, failed to appear for oral deposi-

tion after proper service of notice as provided by the Texas Rules of Civil Procedure and failed to observe two Orders of the Court to appear for said oral deposition, (4) Defendant's Special Exceptions Nos. 1, 2, 3, 4 & 5 are well taken and should be sustained, and (5) Plaintiff's suit should be dismissed with prejudice on each and all of the grounds asserted by Defendant in the aforesaid pleadings:

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that Defendant's Plea in Bar and to the Jurisdiction be, and it is hereby, sustained; that Defendant's Plea in Abatement be, and it is hereby, sustained; that Defendant's Motion to Impose Sanctions and to Dismiss be, and it is hereby, sustained; that Defendant's Special Exceptions Nos. 1, 2, 3, 4 & 5 be, and each is hereby, sustained; and that Plaintiff's suit be, and it is hereby, dismissed with prejudice, at Plaintiff's cost, for which let execution issue.

"RENDERED AND ENTERED this 23 day of June, 1978."

Defendant's plea in bar and to the jurisdiction was based upon allegations (1) that plaintiff's suit was a collateral attack of a judgment rendered between the parties on February 21, 1978, in the State of Tamaulipas, Mexico; and (2) that plaintiff's petition shows on its face that plaintiff "seeks determination of title and priority of claims to real property located within the boundaries of Mexico, and that the suit involves a note executed in Mexico, payable in Mexico, assigned in Mexico, the holder of which is in Mexico, and enforced against real property in Mexico." Allegedly true and correct copies of the pleadings and judgment in the Mexican Court were attached to defendant's plea in bar and to the jurisdiction. They numbered 28 pages. Fourteen of the pages were in Spanish and fourteen were in English.

Defendant's plea in abatement was based upon allegations (1) that there was a lack of joinder of necessary and indispensable parties, namely Moreno and also Josefina Juarez de Rodebaugh who defendant said was also shown to be a maker of the note in plaintiff's petition; and (2) that a suit filed on February 7, 1978, and presently pending in the United States District Court for the Northern District of Texas, Dallas Division, styled *Jerry Robert Beachum and Ann Berset Beachum v. Rancho Camille, S.A., Fruiticola La Isla, S.A., Donald G. Rodebaugh, Josefina Juarez de Rodebaugh and John W. Swigart,* "involves some of the same parties and encompasses the subject matter of [this] suit"; and (3) there was no justiciable controversy between the parties within the jurisdiction of the court because "the suit involves a note executed in Mexico, payable in Mexico, assigned in Mexico, the holder of which is in Mexico, and enforced against Mexican property."

Defendant's special exceptions 1, 2, 3, 4 and 5 were simply assertions that plaintiff's petition established the truth of the five grounds set forth in defendant's plea in bar and to the jurisdiction and plea in abatement. Each contained the prayer that plaintiff's petition be stricken.

▪ No evidence was adduced on the plea in bar and to the jurisdiction and on the plea in abatement. And we do not agree with defendant that any of the allegations of those pleas are conclusively established by plaintiff's pleadings. Therefore, the pleas and the special exceptions were improperly sustained because of want of proof. *Railroad Commission v. Shell Oil Co.,* 164 S.W.2d 773, 774 (Tex.Civ.App.— Austin 1942, writ ref.).[1] The person Josefina Juarez de Rodebaugh is not mentioned in plaintiff's petition and its exhibits. Plaintiff's pleadings were quite general in several material respects, but the special exceptions sustained by the court did not relate to that fact. We believe plaintiff's petition may be reasonably interpreted as

1. Additionally, plaintiff correctly asserts that an order dismissing with prejudice is a judgment on the merits, and that a dismissal for want of jurisdiction for any reason is not a trial on the merits and may not be made with prejudice. *Schenker v. City of San Antonio,* 369 S.W.2d 626, 630 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.).

alleging that defendant now holds or controls the sham note pleaded by plaintiff and is acting in the premises complained about through Moreno. Defendant answered the suit. Plaintiff's allegation that defendant is a resident of the county of suit is not questioned. Plaintiff seeks judgment declaring the note to be void, and an injunction preventing defendant's claims and actions on the note both in person and through his co-actor, Moreno. It is our view that plaintiff's pleadings set up an *in personam* action against defendant and assert a justiciable controversy within the court's jurisdiction.

Defendant asserts the fourteen pages in English attached to his plea in bar are interpretations of the fourteen pages in Spanish, and that they support his contention that this suit is a collateral attack on a judgment rendered by a court in Mexico. The interpretations are hearsay in the present record. See, 1 McCormick & Ray, Texas Law of Evidence (2d ed. 1956), p. 572, § 789.

On June 13, 1978, after defendant had been served with citation on June 9th, defendant moved for the taking of the deposition prior to appearance day (under the provisions of Rule 186b, Vernon's Tex.Rules Civ.Proc.) reciting in the motion the need for the deposition prior to the hearing on plaintiff's application for temporary injunction on June 23rd. The motion was granted. The uncontradicted evidence shows that thereafter neither plaintiff nor his attorney appeared for the taking of the deposition on June 20th, nor again on June 22nd, as ordered by the court, although notice was served in each instance on plaintiff's counsel. Thereupon, defendant moved the court to dismiss plaintiff's suit under the sanctions provided in Rule 215a(c) Vernon's Tex.Rules Civ.Proc. The motion was heard on June 23rd, and the dismissal in question was ordered.

The only evidence adduced in the case was on defendant's motion for dismissal for failure of plaintiff to appear for oral deposition. That evidence shows without dispute that during the time in question plaintiff's whereabouts were unknown to his counsel; that during the time between June 13th and June 22nd plaintiff's counsel made more than thirty telephone calls and made a trip from Dallas to plaintiff's residence in Bosque County in unsuccessful attempts to locate plaintiff; that on the evenings prior to the deposition settings on June 20th and June 22nd, plaintiff's counsel contacted defendant's counsel and told him plaintiff had not been located; and that plaintiff still had not been located at the time of the hearing on June 23rd.

It is provided in Rule 215a(c) that if a party "except for good cause shown" fails to appear for the taking of his oral deposition the court may, among other sanctions permitted, dismiss the action "or make such other order with respect thereto as may be just." We recognize that the imposition of those sanctions is addressed to the discretion of the court. Nevertheless, the primary office of discovery sanctions is not punishment, but to secure compliance with the discovery rules and prevent a party from arbitrarily and wantonly absenting himself from giving evidence in aid of litigation. *Plodzik v. Owens-Corning Fiberglas Corp.*, 549 S.W.2d 52, 54 (Tex.Civ.App.—Austin 1977, no writ); *Ebeling v. Gawlik*, 487 S.W.2d 187, 190 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ).

Plaintiff initiated this suit and sought an early hearing for an injunction against defendant. Plaintiff should have kept himself immediately available for developments in the case. His reason for failing to do so is not shown in the record. However, the evidence does not support a finding that plaintiff willfully absented himself to avoid his deposition. Rather, as we have said, it shows without dispute that he never learned of the deposition orders because within the critical time period of only nine days which produced the dismissal his whereabouts were totally unknown to his counsel although diligent effort was made to locate him. Accordingly, we hold the court abused its discretion. It is also true, as we have stated, that plaintiff's counsel also failed to appear at the times

ordered for the taking of the deposition. Such neglect cannot be condoned, but the only evidence on the question (which we have not set forth in full) shows that plaintiff's counsel kept defendant's counsel apprised of plaintiff's absence and the search for him, and it does not support a finding that counsel was acting in willful disregard of the court's orders.

It is doubtful that plaintiff's counsel would have sought hearing on the application for temporary injunction until plaintiff was located. In any event, until plaintiff was located and deposed, orders other than the harsh order of dismissal of the suit with prejudice would have given defendant the protection he sought by the deposition. For example, the hearing on the application for temporary injunction could have been postponed, with proper assessment of costs against plaintiff.

The judgment is reversed and this case is remanded for trial.