Sharon SIEGEL, Appellant,

v.

J. Marvin SMITH, III & Jerry R. Kelly, Individually and d/b/a Cardiothoracic Surgical Associates, Appellees.

No. 04–91–00651–CV.

Court of Appeals of Texas, San Antonio.

May 27, 1992.

Rehearing Denied June 19, 1992.

Allen Landerman, Landerman & Jacobs, P.C., Dallas, for appellant.

Keith E. Kaiser, Curt L. Cukjati, Cox & Smith, Inc., San Antonio, for appellees.

Before BUTTS, CHAPA and BIERY, JJ.

OPINION

BUTTS, Justice.

This is an appeal from a trial court's dismissal of a suit as a sanction for discovery abuse.

Sharon Siegel, a cardiovascular surgeon now practicing in California, filed suit on November 13, 1990, against Smith and Kelly, individually and doing business as Cardiothoracic Surgical Associates, alleging breach of an employment contract. Siegel was served on March 28, 1991, with a notice of intention to take her oral deposition on April 12. The defendants agreed to

reschedule when Siegel's counsel advised that the date was inconvenient.

Defense counsel served Siegel's attorney with notice on May 15 to depose Siegel on May 30. Siegel filed a motion for protective order, file-marked May 31, asserting that the scheduled date of Siegel's deposition, May 30, was not convenient and that opposing counsel notified Siegel's attorney only on the afternoon of the 30th that there was no agreement to pass. Plaintiff's counsel had understood in a telephone conversation with the other counsel's secretary that the delay would cause no problem. The defendants filed a motion to compel discovery. A hearing was held on both motions on June 28. At the hearing, counsel for each side *agreed* Siegel could be deposed on July 18, and the court entered such an order. The court denied the motion for protective order as moot and denied plaintiff's motion for mediation.

On July 18, the scheduled date of her deposition, Siegel filed a motion for protective order averring under oath that she could not attend the deposition because she was suffering from migraine headaches. A doctor's sworn statement, attached as an exhibit to the motion, stated that Siegel was unable to fly for the next 36 hours due to the migraine headaches. She also filed a supplemental motion requesting the court to reset the deposition for July 24. The defendants filed a motion for dismissal with prejudice and sanctions for discovery abuse. Siegel responded to the motion and attached as exhibits a letter and affidavit confirming that Siegel did not perform surgery in California on July 18 because of her migraine headaches.

At the hearing the trial court denied the protective order, stating it was not timely filed and granted the motion for sanctions dismissing the case with prejudice.

Siegel raises five points of error on appeal: the trial court erred in denying her first motion for protective order; the trial court erred in denying the second motion for protective order and supplemental motion; the trial court erred in granting defendants' first motion for sanctions; the trial court erred in granting defendants'

second motions for sanctions; and the trial court erred in denying the motion for new trial.

## THE MOTIONS FOR PROTECTIVE ORDER

■ Points of error one and two attack the trial court's denial of Siegel's motions for protective orders. It is within the discretion of the trial court whether to deny a protective order. *See Masinga v. Whittington*, 792 S.W.2d 940 (Tex.1990); *Lehnhard v. Moore*, 401 S.W.2d 232 (Tex. 1966). A party who desires to take a deposition must give "reasonable notice" to the opposing party. TEX.R.CIV.P. 200(2)(a). If the opposing party considers the notice inadequate or has a scheduling conflict, he has a duty to protest to opposing counsel and to the court as soon as possible. *Bohmfalk v. Linwood*, 742 S.W.2d 518, 520 (Tex.App.—Dallas 1987, no writ).

The court stated in its order that it denied the first motion because it was moot. Siegel was served with notice fifteen days prior to the scheduled date. The motion, which sought a rescheduling of the deposition at a "mutually convenient date", was filed-marked the day after the deposition was scheduled. Siegel's counsel argued that he mailed the motion, via Federal Express, on May 29. However, he offered no supporting evidence at that hearing. The court rescheduled the deposition for another date, as requested by Siegel in her motion. The test for abuse of discretion is whether the court acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). We cannot say the trial court abused its discretion in denying the first motion. In any event, the parties agreed to July 18 as the new deposition date, and the court so ordered. Point of error one is overruled.

■ The second motion for protective order sought to reschedule the deposition on the basis that Siegel was suffering from migraine headaches. It was filed the day of the deposition, approximately two and one half hours prior to the time for the deposition, and was supported by a doctor's

affidavit. The order does not state a reason for the trial court's decision, nor were findings of fact filed. However, the record reflects that at the hearing the trial court stated the protective order was denied because it was untimely.

As we have previously stated, the denial of a protective order is within the discretion of the trial court. *See Downer,* 701 S.W.2d 238–41. In considering a motion, the trial court is free to consider the entire record of the case up to and including the motion be considered. *Cf. Welex v. Broom,* 806 S.W.2d 855 (Tex.App.—San Antonio), *vacated on other grounds,* 816 S.W.2d 340 (Tex.1991) (motion for sanctions).

Siegel contends that the trial court abused its discretion in denying this motion for protective order on the erroneous basis that it was not timely filed. The rules of procedure do not specify a time by which a motion for protective order must be filed. When the trial court's order does not state a basis, the appellate court must look to all the arguments before the trial court to determine if the court acted without justification. *Welex,* 806 S.W.2d at 860.

At the hearing on the second motion a copy of a delivery receipt issued by the district clerk showed the first motion was actually received on May 30 at 10:14 a.m. Siegel's attorney argued that he did not have that receipt to present to the court at the time the first motion was heard. As to the second motion, Siegel's attorney states in a letter telecopied to opposing counsel, dated July 16, that his client had not made travel plans for the deposition on July 18 because of assurances by the defendants' attorney that the date would be rescheduled. There is nothing further in the record concerning an agreement. The attorney also states in the letter that he is willing to reschedule the depositions for the next week on July 25 or 26, if convenient.

The defendants' attorney telecopied a letter to Siegel's attorney on July 17, 1991, in which he indicated that he expected the plaintiff to abide by the court's order to appear for her deposition on July 18. Sie-gel's attorney in a reply that same day to defendants' attorney notified him that Siegel suffered from a severe migraine headache and could not fly for the next thirty-six hours due to doctor's recommendations. On July 18, defendants' attorney responded with a letter to Siegel's attorney stating that he intended to exercise "our rights and remedies under the Rules of Civil Procedure."

Siegel, present at the July 24th hearing, testified that she developed a migraine headache on July 17, the day prior to the scheduled deposition; that her neurologist recommended she refrain from traveling; and that she did not perform surgery on July 18. She further testified that she could be deposed at the conclusion of that hearing.

The trial court had previously ordered Siegel to appear for deposition on July 18. Although this was Siegel's second motion for protective order, the ability to comply is implied in any order for discovery. *Martinez v. Rutledge,* 592 S.W.2d 398 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.). And she had agreed to appear. However, Siegel presented evidence with the motion and at the hearing of her inability to come to Texas on that date to attend the deposition because of illness. That was supported by competent evidence. There was no evidence of willful and deliberate noncompliance. We hold that the trial court abused its discretion in denying Siegel's second motion for a protective order. Point of error two is sustained.

## MOTION FOR SANCTIONS AND MOTION FOR NEW TRIAL

Points of error three and four attack the sanctions ordered by the trial court. Point of error five is that the trial court erred in overruling the motion for new trial.

The trial court granted the defendants' first motion for sanctions and awarded $500.00 attorney fees to the defendants to be paid only if they prevailed in the litigation. But in granting the second motion for sanctions, the trial court dismissed the suit with prejudice.

The choice of authorized sanctions is within the sound discretion of the trial court. *See* Tex.R.Civ.P. 215(2)(b)(2). However, any sanction imposed by the trial court must be "just". *TransAmerican Natural Gas v. Powell*, 811 S.W.2d 913 (Tex.1991).

■ The court in *TransAmerican* stated a two-prong standard for determining whether an imposition of sanctions is "just":

First, a direct relationship must exist between the offensive conduct and the sanction imposed. This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party.

.       .       .       .       .

Second, just sanctions must not be excessive. The punishment should fit the crime. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. It follows that courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance.

*Id.* at 917.

Considering the principles enunciated in *TransAmerican*, the trial court did not abuse its discretion in awarding the defendants $500.00 attorney fees as sanction for Siegel's failure to appear at the second noticed deposition. Point of error three is overruled.

The crucial issue in this appeal is raised in points four and five: whether the trial court abused its discretion in dismissing the plaintiff's suit upon her failure, again, to appear for her deposition. Was the sanction "just"?

■ It is undisputed that Siegel failed twice to appear for her scheduled depositions. The dismissal of her suit was directed against the abuse and toward remedying the harm, if any, suffered by the defendants. We must determine whether the sanction was excessive, the second prong of *TransAmerican*.

Dismissal of a suit is the most devastating sanction a trial court can assess against a party. *TransAmerican*, 811 S.W.2d at 918. When a trial court strikes a party's pleadings and dismisses its action, the court adjudicates the party's claims without regard to the merits but based instead upon the parties' conduct of discovery. *Id.* Discovery sanctions cannot be used to adjudicate the merits of a party's claims unless a party's hindrance of the discovery process justifies a presumption that its claims lack merit. *Id.* However, if a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted claim lacks merit and dispose of it. *Id.* Sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard of the responsibilities. *Id.*

Dismissal with prejudice may be reasonable when the plaintiff is guilty of actual bad faith. *See Hogan v. Beckel*, 783 S.W.2d 307 (Tex.App.—San Antonio 1989, writ denied). Siegel's reason for not appearing the first time was a scheduling conflict (surgery), at which time lesser sanctions were imposed. She did not attend the next deposition, as she agreed to and as ordered by the court, because of illness. Implicit in any order for discovery is the ability to comply. *Martinez v. Rutledge*, 592 S.W.2d 398 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). There is supporting medical evidence in the record of the illness and her inability to travel from California to Texas. The record does not show that Siegel willfully absented herself to avoid her deposition. *See Snowden v. Republic Supply Co.*, 239 S.W.2d 201 (Tex. Civ.App.—Dallas 1951, writ ref'd n.r.e.), nor that she acted in bad faith. Although the trial court had previously imposed a lesser sanction of attorney fees, it could have punished her with contempt or by requiring her to pay for the cost of the depositions or other sanction. *See TransAmerican*, 811 S.W.2d 913. The range of sanctions available to the court under Rule 215 is quite broad. *Id.* It is not disputed that Siegel could have been deposed after that hearing. We hold that upon the facts

of this case, dismissal of the plaintiff's suit was a sanction more severe than necessary to serve the legitimate purposes of ensuring compliance with the discovery process. Points of error four and five are sustained.[1]

The judgment is reversed, and the case is ordered reinstated on the docket of the trial court. For good cause, all costs of appeal are taxed against appellant. TEX. R.APP.P. 89.

CHAPA, Justice, concurring.

I concur in the results of the majority opinion.

I agree that the court abused its discretion because there is uncontroverted medical evidence in the record of appellant's illness which made her unable to travel and comply with the deposition setting. *See Martinez v. Rutledge*, 592 S.W.2d 398, 401 (Tex.App.—Dallas 1979, writ ref'd n.r.e.). Further, there is no showing in the record that appellant willfully avoided the deposition or acted in bad faith. *See Snowden v. Republic Supply Co.*, 239 S.W.2d 201, 204 (Tex.Civ.App.—Dallas 1951, writ ref'd n.r.e.).

---

1. As a practical matter, the effect of the first nonappearance is somewhat mollified by the attorneys' stated reliance on the secretary's assurances and by the parties' agreement to reset the deposition for July 18, 1990, made into an order by the court.